The State of Iowa v. Brown.

THE STATE OF IOWA v. BROWN *et al.*

1. BOND: LIABILITY OF BAIL. The appearance of the defendant in a criminal prosecution to answer the charge, does not discharge the sureties on his bond. They are liable for any failure to obey the orders of the Court before surrender or discharge. Their liability is a continuing one which can be discharged only by surrendering the accused as provided by statute, or by obtaining his discharge.

2. SAME: CHANGE OF VENUE. When the venue in a criminal action is changed the sureties are liable for the appearance of the accused before the Court to which the change is ordered.

3. SAME: FAILURE OF TERM. A failure to hold the term of the Court at which the accused is required to appear, does not discharge the sureties on his bail bond.

4. SAME: FORFEITURE. A forfeiture of recognizance may be taken at any time during the term at which the accused was required to appear, or during the succeeding term, and before he has been surrendered or discharged.

5. SAME: NOTICE OF FORFEITURE. It is not necessary that the accused or his sureties shall have notice of the time at which a forfeiture of his bail bond will be claimed.

6. SAME: DIFFERENT OFFENSES: When the defendant was held to answer to a charge of grand larceny, and made his appearance, and was indicted for the crime of burglary, it was held, that in the absence of any showing that the indictment was based upon the same transaction as the charge for grand larceny, that the sureties upon the bond would not be held liable for his further appearance to answer to the indictment.

7. SAME: *Quere*, Whether, when the accused was held to answer to a charge for one crime, and was indicted for another of the same or a higher grade, but growing out of the same transaction, the sureties on his bond would be held for his departure without leave of the Court?

*Appeal from Lee District Court.*

FRIDAY, JUNE 10.

ON the 18th day of January, 1862, John F. Brown was held to bail by a magistrate of Lee county to answer to a charge of grand larceny. The defendants became his sureties in a recognizance, conditioned as provided by the Revi-

sion, § 4968, as follows: "That the said John F. Brown shall appear· at the District Court of the county of Lee, at the next term thereof at Fort Madison, Iowa, and answer said charge, and abide the orders and judgments of said Court, and not depart without leave of the same; or if he fail to perform either of these conditions, we will pay to the State of Iowa the sum of two thousand dollars."

At the next term (May, 1862), the said John F. Brown appeared in said court and plead not guilty to an indictment for burglary, and on his motion, the venue was changed to Keokuk, and the accused was ordered to appear in said court on the first day of the next term thereof, which, by law, was fixed for September. At the May term, 1863, and on the eleventh day of the term, the accused was called, and failing to appear, his recognizance was forfeited.

This suit is brought upon the recognizance, and the petition, and exhibits set forth substantially the foregoing facts. The defendants demurred to the petition, on the ground that it did not set forth facts sufficient to constitute a cause of action, and specially assigned wherein. The court below overruled the demurrer, and the defendants refusing to further answer, rendered judgment for the amount of the bond, from which the defendants appeal.

*J. M. Beck* and *D. F. Miller* for the appellant, cited the following authorities: Rev., 1860, §§ 4232–4237; *Abrahams* v. *The State of Iowa*, 6 Iowa, 117; *Farr* v. *Fuller*, 12 Id., 84; Theobald on Prin. & Sur., 206; Burge Suretyship, 42; File L. Guar.; *The People* v. *Hunter*, 12 Cal., 502; *The State* v. *Town*, 14 La. An., 450; *Swank* v. *The State*, 3 Ohio St., 429; *Kufhaven* v. *The Commonwealth*, 2 Pa., 240; *Moss et al.* v. *The State*, 6 Hern. (Miss.), 298; *The State* v. *Stevens*, 2 Swan (Tenn.), 308; *Kiser* v. *The State*, 13 Ind., 80; *The People* v. *Hainer*, 1 Denio, 456; 1 Chit. Cr. Law, 105; Barb. Cr. Tr., 507; 2 Hawks. P. C., 173.

*C. C. Nourse,* Attorney-General, for the State, cited *Champlain* v. *The People,* 2 Comst., 82; *The State* v. *Waverly,* 8 Ala., 298; Rev., 1860, § 4990; *Ellis* v. *The State,* 8 Ala., 276.

COLE, J.—At common law the conditions of a recognizance of bail were, that the accused should appear at the place of trial, and answer the charge against him. 1 Chitty's Crim. Law, 103. The apparent conflict of authority cited by the respective counsel in this case, grows out of the fact, that each State has, by statute, provided the conditions of the recognizance of bail; and the cases cited simply define the extent of the obligation under the particular statute or practice involved. The conflict is, therefore, only seeming, not real.

Under our statute, Rev., § 4968, the conditions of the bond are, not only that the accused shall appear at the place of trial, and answer the charge against him, but also, that he shall abide the orders and judgment of the Court, and not depart without leave. The bond in this case follows the statute. A man's bail are the jailers of his own choosing, and they are bound to have him as much in the power of the Court, as he would be if in custody of the proper officer. If the trial of the accused is continued until the next term, it is the duty of the bail to have him at the place of trial at that time, without any order of the Court therefor. If a change of venue is granted, and the accused is ordered to appear at the court to which the cause is transferred, it is the duty of the bail to have him there, to answer the charge. Section 4744 of the Revision, which provides that, " when any prosecution has been transferred by the court or judge under the provisions of this act, the person charged with committing the offense shall be required to appear at the next succeeding term of the District Court of the county to which the prosecution is transferred, and

shall give bond accordingly, &c.," is simply directory, and a failure to take such bond will not operate to discharge the bail before taken.

Under our statute the undertaking of bail is a continuing one, from which the obligors may be discharged by the surrender of the accused, as provided by statute, or by obtaining leave of Court for the accused to depart.

In this case it is shown, that the Court ordered the defendant to appear in said court (at Keokuk), on the first day of the next term thereof. In the case of *The People* v. *Hainer*, 1 Denio, 454, cited by appellants, the bond was conditioned in substance, and almost literally, like the bond in this case; and although the case was decided mainly upon a question of pleading, rather than the extent of the obligation of bail, yet the Court, BRONSON, C. J., says that, under the condition of the bond to "obey the order and direction of the Court therein," the Court might, perhaps, have made an obligatory order, that the accused should appear and answer at a future day. By section 2671 of the Revision, it is provided that no recognizance or other instrument or proceeding shall be rendered invalid, by reason of there being a failure of the term," &c. If there was then, in fact, no September term, such failure would not operate to discharge the bail in this case. Whether there was such term or not, does not appear by the transcript in this case; nor is it material; for in either case the obligations of the bail continue. It follows, therefore, that the appellants in this case were not discharged from their undertaking of bail by reason of the change of venue and order for defendant to appear in the court at Keokuk, or by reason of the failure to hold the September term, or to call the accused at such term, if held.

The only cases cited by appellant's counsel, or seen by the Court, which seem to be in conflict with the foregoing, are really not directly so. In *Kufhaven* v. *The Commonwealth*,

2 Penn., 240, the defendant was acquitted, but judgment was rendered against him for costs, and the Court held, that the bail could not be made to pay the costs of taking a forfeiture of the bond, at a succeeding term. The Court state, that the recognizance in that case was for the appearance of the accused at the *next* term, and not at the succeeding one. In *Kiser* v. *The State*, 13 Ind., the Court held, that it was the duty of the Court below, under the statute, to enter upon its minutes, the failure of the accused to appear when his presence was lawfully required, and have the recognizance of bail thereupon forfeited, and that the neglect of the Court so to do, operated to discharge the bail, and that no forfeiture could be taken thereon at a subsequent term.

In *Swank* v. *The State*, 3 Ohio State, 429, the Court held, that a continuance of the cause did not, of itself, give leave to defendant to depart, and what is further said by the Court, limiting the right of forfeiture to the term, is by way of argument only.

II. It is not necessary, under our statute, that the forfeiture of the recognizance shall be taken on the day to which the accused is by its terms, held to appear; it may be taken on any subsequent day of that term, or succeeding term, unless the defendant has been surrendered or discharged. Nor, is it necessary that the accused or his bail shall have notice of the time at which the forfeiture will be claimed. The conditions of the bond obligate the bail to have the accused at the place of trial to answer the charge, and not to depart without leave. In contemplation of law, the bail have the accused all the time present in the court; and being present, in the eyes of law, as they should be in fact, no notice is requisite in order to secure their presence. *The State* v. *Klingman*, 14 Iowa, 404; *The People* v. *Blankman et al.*, 17 Wend., 252.

III. What has been said upon the two propositions already discussed, is, of course to be understood as applying only

where the subsequent proceedings are in continuation of the same cause wherein the recognizance of bail was originally taken. In this case, the accused was held to bail by the magistrate, upon a charge of grand larceny, and he gave bail for his appearance, &c., to answer that charge. But there is nothing in the transcript showing what, if any, proceedings were ever had against said Brown in the District Court, on the charge of grand larceny, nor when the indictment for burglary was found; nor whether the indictment for burglary grew out of the same transaction upon which the charge of grand larceny was based.

The only circumstances tending to indentify the two prosecutions as one and the same, is the fact that the indictment for burglary was pending in the same court where, and at the term when, the accused was required to appear by the terms of his recognizance. This would be a very slight circumstance indeed, quite insufficient, it seems to us, upon which to base a conclusion of identity, since it is unfortunately too true that the same person is sometimes charged with two or more offenses in the same court at the same time.

There is not necessarily any relation between grand larceny and the crime of burglary; nor does the absolute guilt of the former raise any implication or suspicion of guilt as to the latter. The two crimes are not different degrees of the same class, but they are of different classes of crime. The penalties are not only different, but the two crimes are treated of in our statute under different classes, and in separate chapters. There is no averment in the petition tending to identify the two crimes as one, or to show that the charge of burglary had any connection whatever with that of grand larceny. Under such circumstances, the Court would not be justified in holding bail, who had become responsible for the appearance of an accused, to answer a certain charge, also responsible for his appear-

ance to answer another and different charge, even in the same Court. A man might consent to become bail for another, who was accused of grand larceny, which is punishable with imprisonment in the penitentiary not more than five years (Rev., § 4237), and very reasonably refuse to become bail for the same man accused of burglary, which may be punished with like imprisonment for life. (Rev., § 4233.)

Our statutes (Rev., § 5112) requiring liberal construction of its provisions, and all proceedings under it, as well as that enlightened common sense applicable to legal proceedings, which is fast gaining a supremacy over the narrow and unfounded technicalities of the common law, compel us to hold bail liable to the full extent of the meaning of the language of their obligation, and, at the same time, restrain us from extending its application to subjects not embraced within it. If bail are not willing to stand responsible for the accused, beyond the particular time, at which he is primarily required to appear, they can very easily surrender him, and thus discharge themselves, and if the State desires the presence of an accused, who is charged with a different crime of higher grade than that for which he is bailed, it is easy to do so, by requiring his surrender at that term, on his previous bond, or by his arrest and detention, or by a new bail bond which will secure his presence at a subsequent term or an atonement for his escape.

Whether, where an accused has given bail for his appearance to answer a certain charge, and appearing, is afterwards indicted for a different offense of the same class or degree, or of a lower class or degree, and afterwards departs without leave, it is competent for the State, in a suit upon the bond, by averment to show that the offense named in the indictment was for the same acts of the defendant, or grew out of the same transaction as the

other, and thereby hold the bail under the clause of the bond not to depart without leave, it is not necessary for us to decide. But see *The People* v. *Hunter*, 10 Cal., 502; *The State* v. *Forns*, 14 La. An., 450.

The Court below should have sustained the demurrer, and the judgment is therefore reversed, and remanded with leave to plaintiff to amend.