Decatur County v. Maxwell.

DECATUR COUNTY v. MAXWELL.

Bail bond: FORFEITURE: VENUE. Where a defendant in a criminal prosecution takes a change of venue to another county and gives bail for his appearance at the District Court of the latter county, which is forfeited for want of appearance, the forfeiture belongs to the county where, by the terms of the bond, the defendant was to appear, rather than to the county where the indictment was found; and suit on the undertaking should be brought in the county thus entitled.

*Appeal from Decatur District Court.*

THURSDAY, JANUARY 28.

ONE Shaver was indicted at the Decatur District Court for larceny and the venue changed to Clark county, from which it was again changed to Warren county. The accused gave bond with securities at the Clark District Court to secure his appearance at the District Court of Warren county, which was forfeited on account of his non-appearance according to its conditions. The defendant herein being the district attorney, brought suit upon the bond and collected a part of the penalty. This suit is brought to recover the amount so collected. It appears that the money was retained by defendant in order that the question might be judicially determined as to which county is entitled to it, each claiming it.

The defendant petitioned for a change of the venue to Warren county, upon the ground that he was a resident of that county, and the change was so ordered. From this order plaintiff appeals

*J. W. Penny* and *Samuel Forey* for the appellant.

*Todhunter & Williamson* for the appellee.

BECK, J.—It is contended by appellant's counsel, that Decatur county is entitled to the money, and defendant

BAIL BOND: forfeiture: venue. may be sued therefor under sections 2796 and 376 of the Revision, in that county; and it is conceded, that, unless the county is entitled to the money, the suit was not properly brought therein, and the venue, therefore, properly changed.

The bond upon which the money was collected was conditioned for the appearance of the accused before the District Court of Warren county. Section 4993 requires actions upon such bonds to be brought in the court in which the defendant is required to appear by the conditions of the instrument. The money collected thereon must be paid into the treasury of the county where collected, for the use of the school fund. § 3729. The action on the bond was properly brought in Warren District Court, and the money collected thereby should be paid into the treasury of Warren county. There may be a hardship in this, as the county of Decatur is liable for the costs and expenses of the prosecution upon the indictment. For relief therefrom appeal must be made to the legislature and not to the courts.

                                                    Affirmed.