The State v. Bryant.

AFFIRMED.

## THE STATE v. BRYANT.

1. **Evidence:** RECORDS OF COURT: ACTION ON BAIL BOND. The records of the District Court showing the failure of a defendant indicted for a crime to appear, and an order declaring a forfeiture of his bail, are conclusive as to such facts, and no question can be made thereon by the surety in an action to recover on his bond, unless the validity of such records is impeached.

2. **Bail Bond:** VALIDITY OF. The fact that one held to bail by a justice of the peace for manslaughter is indicted upon the same evidence for murder will not invalidate his bail bond.

*Appeal from Madison District Court.*

TUESDAY, MARCH 22.

ACTION upon a bail bond executed by defendant for the appearance of one who had been held by a justice of the peace to appear and answer at the District Court upon a charge of manslaughter. There was a judgment for plaintiff. Defendant appeals.

*H. McNeil*, for appellant.

*J. F. McJunkin, Attorney General,* for the State.

BECK, J.—I.  The petition alleges that one Belcher was held by a justice of the peace to answer at the District Court upon a charge of manslaughter, and defendant became surety upon his bail bond; that he was indicted for murder, the charge before the justice being based on the same facts upon which he was indicted, and that the accused failing to appear and answer at the District Court, by proper proceedings and order made of record, the bond was declared forfeited.  The petition sets out the order forfeiting the bail.  A motion to strike part of the petition and a demurrer thereto were overruled.  Thereupon defendant answered in the following language:

1. EVIDENCE: record of court: action on bail bond.

"Comes now defendant, Thomas Bryant, in the above cause, and admits that he signed a bond about the date mentioned in said petition, for the appearance of Loren Belcher at the succeeding term of the District Court of said county, to answer to the charge of manslaughter, but denies that there has been any breach of the conditions of said bond; denies that defendant is indebted to plaintiff in the sum of eight hundred dollars, or any other sum; denies that there is anything due plaintiff on said bond.  Wherefore, defendant asks judgment for his costs herein."

To this answer the State demurred in this language:

"1st.  Said answer does not state facts constituting a defense.

"2d.  Said answer denies that there has been a breach of the conditions of said bond by defendant Belcher, but fails to state any fact assailing the validity of the judgment of forfeiture entered on said bond.

"3d.  Said petition contained as one of its averments the order of forfeiture of said bond, reciting the breaches of said bond by said Loren Belcher, and this court has regularly de-

termined said facts of delinquency, and they cannot be attacked in a collateral proceeding."

II. The demurrer, we think, was correctly sustained. The petition in alleging the breach of the bond avers the forfeiture as found by the court, and pleads the record thereof. Now this record is conclusive evidence of the forfeiture and of the act upon which the judgment is based, namely, the failure of the accused to appear and answer. This failure to appear is a breach of the bond which is shown by the record. Defendant in his answer denies that there has been a breach of the bond. This, if it amounts to anything, is a denial of the failure of the accused to appear, a fact that is conclusively shown by the record. The record cannot be contradicted in this way.

Another view of the question leads to the same result. The petition alleges the facts upon which it is claimed that the conditions of the bond have been forfeited; these facts are the failure of the accused to appear, and the forfeiture entered by the court. The answer "denies that there has been any breach of the conditions of the bond," thus denying the conclusions drawn from the facts alleged in the petition. The answer is thus made to perform the office of a demurrer.

III. Defendant insists that the demurrer is too general and does not sufficiently set out wherein the answer is deficient. We think the objection not well taken. The second ground of the demurrer is that the judgment of forfeiture cannot be met by a simple denial of the facts whereon the adjudication was based; facts must be pleaded assailing the validity of the adjudication in order to put its sufficiency in issue. This sufficiently points out the defect in the answer.

IV. The defendant insists that as the accused was held to bail for manslaughter, and indicted for murder, the bond 2. BAIL BOND: cannot be enforced. There was evidence showvalidity of. ing that the accused was indicted for murder

upon the same facts on which the justice held him to answer for manslaughter.

The condition of the bond is that the accused shall appear at the District Court and answer to the charge of manslaughter, " and abide the order and judgment of said court and not depart without leave of the same."

The law provides for the bond to secure the attendance of the accused to answer for crime committed; the bond takes the place of imprisonment of the defendant. The magistrate who takes it cannot prescribe that the accused shall answer for no other offense than the one mentioned in the bond. Indeed he does not attempt to do so, but requires him to enter into bond to answer for that crime; and further, " to abide the order and judgment of the court, and not depart without leave of the same." The law provides that the accused may be indicted for any offense of which he is found guilty. The bond secures his attendance at the court to answer for any crime of which he may be indicted, based upon the same facts which were the foundation of the charge before the magistrate, and until he has so answered he must abide the order of the court.

In the case before us the accused was indicted for murder upon the same facts which the magistrate held constituted manslaughter. The crime for which he is indicted is of the same class of the one for which he was held specially to answer, though of a different degree, and he has not been discharged by the court. For his fault in failing to appear, his bail is liable. The judgment of the District Court must be

AFFIRMED.