## LUCAS COUNTY v. WILSON.

1. **Appeal:** FROM ORDER CHANGING PLACE OF TRIAL. While this court has held (see cases cited) that an appeal will not lie from an order changing the place of trial, yet when, as in this case, such a motion is made and by mutual understanding is treated by counsel and by the court below as a demurrer involving the merits of the case, it will be so treated here, and the appeal will be entertained.

2. **Practice:** VENUE IN ACTION ON APPEARANCE BOND. Where a bond was given for the appearance of the defendant in a criminal action in the court of a certain county, and the place of trial was afterwards changed to the court of another county, *held* that an action on such bond must be brought in the latter court, and that it was error for the latter court to sustain a motion for change of venue to the former court. Following *Decatur County v. Maxwell*, 26 Iowa, 398.

*Appeal from Lucas District Court.*

THURSDAY, SEPTEMBER 21.

A. J. WILSON was indicted in Ringgold county and the defendant gave a bond or *undertaking* for the appearance of the said Wilson to answer the charge against him. Afterwards the venue in the criminal proceeding was changed on the application of the defendant therein to the District Court of Lucas county. A. J. Wilson failed to appear in the last

named court and county, and this action is brought to recover on the undertaking. On motion of the defendants the place of trial was changed to Ringgold county, and plaintiff appeals.

*Mitchell & Penneck* and *R. B. Townsend*, for appellant.

*Laughlin & Campbell*, for appellee.

Seevers, Ch. J.—I. Counsel for the appellee have filed a motion to dismiss the appeal on the ground that none lies from an order changing the place of trial. It was so held in *Allerton v. Eldridge*, 56 Iowa, 709 and *Groves v. Richmond*, 58 Iowa, 54. But those cases are different from the one now before us. In the present case the motion was filed to change the place of trial because the defendant was a resident of Ringgold county, and it was agreed in open court by counsel "that the object of the motion was to alone test Lucas county's right to at all sue on the bond." It was further agreed that "if the suit was brought in the wrong county, then that Lucas county could not at all maintain the action in any court and was not entitled to have any money that should have been due on said bond, but if Lucas county should be entitled to the money due on the bond, then, that the suit was properly instituted in this court." It is evident from the foregoing statement the motion was treated by counsel and the court as a demurrer, which raised the question whether or not the plaintiff was entitled to recover. The motion therefore involved the merits of the action, and the court held that the plaintiff could not "recover any portion of the money due on said bond, but that Ringgold county is entitled to the same * * * and sustained defendant's motion to change to Ringgold county." Therefore the "plaintiff refused to plead further," etc. The case should be determined here as the parties saw fit to present it to the court below. As the motion was treated as a demurrer involving the mer-

1. APPEAL: from order changing place of trial.

its in the District Court it will so be done here. It therefore follows that an appeal lies and the motion must be overruled.

II. The bond was conditioned "that the said A. J. Wilson shall appear and answer said indictments and abide the orders and judgments of said court and not depart without leave of the same, or if the said A. J. Wilson fail to perform either of these conditions we will pay the State of Iowa the sum of twenty-seven hundred dollars. A recovery upon this bond must be had if at all because the defendant therein undertook that Wilson would appear in the District Court of Lucas county and abide its rulings. The case, therefore, in no manner differs from one where the bond in terms provided the person indicted should appear in a county other than that in which the indictment is found. The Code, section 4599, provides the action on such "undertaking must be in the court in which defendant was or would have been required to appear by the undertaking." Now, as a recovery must be had, if at all, because of the failure of the person indicted to appear in Lucas county, we think the action under the statute must be brought in that county, and it was so held in *Decatur County v. Maxwell*, 26 Iowa, 398. The statute is the same now as it was when that case was determined. It follows the court erred in sustaining the motion to change the place of trial.

<div style="margin-left:2em; font-size:smaller">2. PRACTICE: venue in action on appearance bond.</div>

REVERSED.