Lucas County v. Wilson et al.

1. **Appearance Bond**: RIGHT TO PROCEEDS OF. Under section 3370 of the Code, the county in which a forfeited appearance bond is collectible is entitled to the proceeds thereof, for the use of the school fund.

*Appeal from Lucas District Court.*

THURSDAY, JUNE 7.

THE facts in this case are as follows: At the June term, 1880, of the Ringgold district court, there were two indictments presented against one A. J. Wilson. At the January term, 1881, he entered into a bond, with J. B. Wilson as his surety, obligating himself to appear and answer to the indictments, and abide the order and judgment of said court.

At the same term of court, the venue of said causes was on motion changed to the district court of Lucas county, but no new bond was given. Wilson appeared at the next term in Lucas county, and the causes were continued. At the next term, the causes having been regularly reached for trial, Wilson failed to appear and the bond was duly forfeited. This action was brought to recover the penalty of the bond. The county of Ringgold intervened in the action, and claimed that it was entitled to the proceeds of the bond. The court held that Lucas county was entitled to recover, and the county of Ringgold appeals.

*Laughlin & Campbell*, for appellant.

*Mitchell & Penick*, for appellee.

ROTHROCK, J.—I.   In a former appeal in this case, it was held that the action was properly brought in Lucas county. See 59 Iowa, 354.

No question is made as to the validity of the bond, or as to the power of the district court of Lucas county to declare a forfeiture thereof. A change of the place of trial does not affect the liability of a surety upon a bond in a criminal action. *State v. Brown*, 16 Iowa, 314.   Section 3370 of the Code provides that "fines and forfeitures not otherwise disposed of go into the treasury of the county where the same are collected, for the benefit of the school fund."   It having been determined that Lucas county was the proper place to make the collection of the forfeiture, it follows that, under the provision of the statute just cited, the money should go into the treasury of that county.   What the rule would be in case a change of the place of trial should be ordered in the action upon the bond, for any of the causes provided for by statute, we need not determine, as the question is not in this case.

AFFIRMED.