[The following opinions were retained on petitions for rehearing, and did not come into my hands in time for insertion in their chronological order.—REPORTER.]

## THE STATE v. BALDWIN.

Criminal Law: FORFEITURE OF BAIL: DEFAULT AFTER CONVICTION: RES ADJUDICATA. A bail bond. in the form prescribed by Code, section 4585, was conditioned to become void if the principal therein should appear and answer the indictment, "and abide the orders and judgment of the court." Two years after the trial and conviction of the principal, he having failed to appear and submit to the judgment, a default upon the bond was taken and this action was brought against the sureties to recover the penalty of the bond. *Held*—

   (1) That the default was not unwarranted because taken after conviction. (Code, sec. 4596.)

   (2) That the principal may be required to appear any time subsequent to the term named in the bond, without notice to the sureties, and his appearance at the term named does not discharge them. (See *State v. Brown*, 16 Iowa, 314.)

   (3) That when the forfeiture is taken at a subsequent term, it will be presumed that the case was continued by operation of law to that term. (See *State v. Merrihew*, 47 Iowa, 112.

   (4) That the order of forfeiture is conclusive on the sureties, and they cannot afterwards call in question the facts on which it was based. (See *State v. Bryant*, 55 Iowa, 451.)

*Appeal from Ringgold District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, MARCH 9, 1888.

ACTION against the sureties upon a bail bond given by one indicted, requiring him to appear and answer to

(737)

the indictment, and obey the orders of the court. There was a judgment on a verdict for plaintiff. Defendants appeal.

*Laughlin & Campbell* and *R. H. Spence*, for appellants.

*R. F. Askren*, for appellee.

BECK, J.—I. The defendants are the sureties on a bail bond given by one indicted after his arrest. It is in the form prescribed by the statute (Code, sec. 4585), and is conditioned to become void if the principal therein shall appear and answer the indictment, "and abide the orders and the judgment of the court." The principal in the bond was tried and convicted on the indictment, and two years afterwards a default upon the bond was taken, whereupon this action was brought to recover the penalty of the bond.

II. A default may be taken upon a bail bond, if the principal fail to appear, at any time when his personal appearance may be lawfully required. Code, sec. 4596. The court may at any time require one convicted to appear and surrender himself, or perform the judgment. Having been required to appear, and having failed to do so, the default was entered against the defendants' principal.

III. The principal in the bail bond may be required to appear at any term subsequent to the term at which he is required by the language of the bond to appear, without notice to him or his sureties, and his former appearance to answer to the charge does not discharge the sureties. *State v. Brown*, 16 Iowa, 314.

IV. It will be presumed, if the forfeiture was taken at a subsequent term, that the cause was continued by operation of law to the term when default was taken. *State v. Merrihew*, 47 Iowa, 112.

V. The order of forfeiture is conclusive, and the sureties cannot call in question the facts upon which it is based. *State v. Bryant*, 55 Iowa, 451.

VI. It cannot be doubted that, after conviction, the person indicted may be ordered by the court to surrender himself upon the judgment; and upon non-performance of such order default may be taken upon his bond, which is conditioned that the principal "shall abide the order" of the court.

VII. Counsel for defendants insist that default of a bail bond cannot be taken after conviction, and therefore the record of the default and other evidence in connection therewith was erroneously admitted in evidence in the case. This objection, and others based upon the same view of the law, is sufficiently answered by the consideration of the statutes and decisions above referred to.

VIII. It is objected that the petition is based upon an alleged failure of the principal to appear before his trial. But the abstract shows the fact differently.

IX. It is insisted that the district court was deprived of jurisdiction by the taking of an appeal in the case and the filing of a *supersedeas* bond. But the abstract before us fails to show that an appeal was taken and perfected.

These considerations dispose of all objections made to the judgment of the district court. It is

AFFIRMED.