PEOPLE v. BROWN et al.

(*Supreme Court, General Term, Second Department.* February 11, 1891.)

1. BAIL—SUFFICIENCY OF UNDERTAKING.

An undertaking of bail, reciting the arrest of the principal and his imprisonment for manslaughter in the second degree, and conditioned that he will appear and answer said charge, is sufficient in form, although the indictment charges that offense by description, and not in express words.

2. SAME—ACTION ON BOND.

In an action on an undertaking of bail in a criminal case, the legality of the proceedings preliminary to the arrest is not relevant or material, where the arrest was under color of process.

3. SAME—DEFENSES.

In such an action, it is not a defense that the district attorney told counsel for accused that he could go away, and that when he wanted him he would send for him.

Exceptions from circuit court, New York county.

Action by the people of the state of New York against Thomas Brown and others on an undertaking of bail upon which they were sureties. The defendant Brown alone answered the complaint. At the trial the court directed a verdict for plaintiff, and ordered defendant's exceptions to be heard in the first instance at the general term.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Thomas W. Fitzgerald,* Dist. Atty., for the People. *George Gallagher,* for defendant Brown.

BARNARD, P. J. A coroner's jury found one James McGloin guilty of manslaughter, and he was arrested by a warrant from the coroner, and on the 7th of February, 1890, while in custody under the coroner's warrant in the county jail, gave a recognizance before the county judge of Richmond county to appear at the next court of sessions for that county, that being the next court at which a grand jury would attend. This court was held on the 24th of February, 1890, and the grand jury found a bill of indictment against McGloin for manslaughter in the second degree. The indictment was found on 27th of February, and on the 1st of March, 1890, McGloin was called, and did not appear, and the sureties were called to produce McGloin, and they failed to do so. The undertaking upon the part of the prisoner and his sureties was sufficient in form. It recited the arrest of McGloin and his imprisonment for manslaughter in the second degree. The condition was that McGloin would appear at the court of sessions, and answer said charge, and that was the charge in the indictment, not in words, but by description of the offense. The legality of the proceedings preliminary to the arrest was not revelant or material. The arrest was made under color of process, and the defendant ac-

cepted the fact, and gave bail to answer before the grand jury. The offer to prove that the district attorney told the counsel for McGloin that he could go away, and that when he wanted him he would send for him, was no defense. *Champlain* v. *People*, 2 N. Y. 82; *People* v. *Stager*, 10 Wend. 431. The judgment should therefore be affirmed, with costs. All concur.