WARREN COUNTY, Appellant, v. POLK COUNTY, Appellee.

Criminal Law: DEPOSIT OF MONEY IN LIEU OF APPEARANCE BOND: FORFEITURE AFTER CHANGE OF VENUE: WHAT COUNTY ENTITLED TO MONEY: PRACTICE. Where one charged with a crime was bound over to appear at the district court of the defendant county, and he deposited money with the clerk in lieu of a bond, and, after indictment and two trials, in which the jury failed to agree, he took a change of venue to the plaintiff county, but the money was not transmitted with the papers to the plaintiff county, and he made default, *held*, that the district court of the plaintiff county alone had jurisdiction to declare the money forfeited, and that it should have declared it forfeited to the plaintiff county for the benefit of its school fund; but that said court, having jurisdiction of the subject-matter, and having erroneously ordered the clerk of the defendant county to pay the money to the treasurer of that county, the order was binding until set aside upon appeal, writ of error, *certiorari*, or other appropriate proceeding, and that, after a lapse of more than five years, the plaintiff county could not maintain an action against the defendant county for the recovery of the money.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FRIDAY, OCTOBER 6, 1893.

THIS is an action at law, by which the plaintiff seeks to recover of the defendant the sum of seven hundred dollars which was deposited with the clerk of the district court of Polk county by one Ackerman to secure his appearance in the proper court on a criminal charge. Ackerman failed to make an appearance, and forfeited the money. The plaintiff county claims that it is entitled to the money for the benefit of its school fund. There was a demurrer to the petition, which was sustained. The plaintiff stood upon the petition, and judgment was rendered against it, and it appeals. —*Affirmed.*

*O. C. Brown*, County Attorney, for appellant.

*W. A. Spurrier*, County Attorney, for appellee.

ROTHROCK, J.—It appears from the averments of the petition that one Ackerman was indicted in Polk county for the crime of larceny.   His bail was fixed at seven hundred dollars, which sum he deposited with the clerk of the district court of Polk county.   He appeared in obedience to his obligation to do so, and was twice put upon trial in that county, at each of which trials the jury failed to agree upon a verdict.   He then made application for a change of the place of trial, and a change was granted, and the case sent to the district court of Warren county.   The clerk of the district court of Polk county certified a transcript of the record to the district court of Warren county, but did not transmit the money deposited in lieu of bail.   The case was docketed in Warren county, and assigned for trial.   Ackerman failed to appear, and made default, and the district court of Warren county, by a proper order, declared the bail money forfeited, and ordered that the clerk of the district court of Polk county should pay to the treasurer of Polk county the said sum of seven hundred dollars.   This order was made on the sixth day of January, 1885, and this action was commenced on the nineteenth day of February, 1890.   It is claimed in the petition that the district court of Warren county, upon the forfeiture of the money, should have ordered the clerk of the Polk district court to pay the money to the treasurer of Warren county.

The demurrer to the petition properly raised the question whether upon the above facts the court should have held that the plaintiff county was entitled to recover the money from the defendant, and this is the sole question presented by the appeal.   It is not necessary to set out the demurrer, nor to consider any

other averments of the petition than appear from the above statement of facts. The argument of counsel is founded to some extent on certain conclusions of law as to whether the district court in Warren county had power to declare any forfeiture of the money. Aside from all legal conclusions which are pleaded in the petition, the rights of the respective parties to the money in controversy must be determined upon the application of the law to the facts above stated.

Section 4377 of the Code prescribes the duty of the clerk of the district court from which an order for change of venue has been made. It is as follows: "Upon making the order, if there be more than one defendant in the case, unless all have joined in the petition, the clerk must make out and certify a transcript of all papers on file in the case, including the indictment, and file the same in his office, and a certified copy of all record entries and all the original papers on file must be without unnecessary delay transmitted to the clerk of the court to which the change of venue is ordered." And section 4380 provides that "the court to which such change of venue is granted must take cognizance of the cause, and proceed therein to trial, judgment and execution, in all respects as if the indictment had been found by the grand jury impaneled in such court." It is apparent from these provisions of the Code that, if the defendant in the criminal action had given a bond for his appearance, it was the duty of the clerk of the court in Polk county to transmit the bond to the clerk of the court of Warren county. And it is equally plain that the district court of Polk county had no further jurisdiction of the criminal case, nor of anything pertaining thereto. For all purposes the case was pending in Warren county, the same as if the indictment had been found by the grand jury of that county. And if the bail had been by bond instead of money, no court except the district

court of Warren county had jurisdiction to declare a forfeiture of the bond; and an action upon a bail bond given for appearance upon a change of venue should be brought in the county to which the venue is changed. *Decatur County v. Maxwell*, 26 Iowa, 398. It is further provided by statute that "fines and forfeitures not otherwise disposed of go into the treasury of the county where the same are collected for the benefit of the school fund." Code, sec. 3370. And the county in which a forfeited appearance bond is collectible is entitled to the proceeds thereof for the use of the school fund. *Lucas County v. Wilson*, 61 Iowa, 141. In that case the action was brought by the county to which a change of venue had been taken. We think there can be no doubt that the district court of Warren county had jurisdiction to declare the forfeiture.

The difficulty in declaring the rights of the parties to this money arises from the fact that no bond was given, but money was deposited in lieu of the bond. It is the right of a person from whom an appearance bond is required to deposit money in lieu of a bond. Code, sec. 4589. The statute does not expressly provide what shall be done with the money so deposited where a change of venue has been ordered. We think it would be correct practice to order the money to be transmitted to the clerk of the court to which the change is taken. As we have seen, the court from which the change was taken has no further jurisdiction of the case, nor of any question pertaining to the case. It has no more power to order a forfeiture of the money than it would have had to forfeit a bail bond if one had been given. But whether the money be transmitted or not, the district court of Warren county had jurisdiction to order a forfeiture. This brings us to the vital question in the case, and that is, did the court

have jurisdiction to order the money to be paid to the treasurer of Polk county?

It is an elementary rule that where a court has jurisdiction of the subject-matter, which means the power to decide the question presented, and jurisdiction of the parties, an error in the decision can not be the grounds of an independent action. The only remedy in such cases is by appeal or writ of error, *certiorari*, or other appropriate proceeding. There can be no possible question that the district court of Warren county had the power to forfeit the money in controversy. The fact that it ordered the payment of it to the treasurer of the county not entitled to it was an error which should have been corrected by appeal. But it is claimed that the county of Warren was not a party to the criminal action. This is true in the sense that it was not named in the record. But the state was a party, and the state was represented by the district or county attorney, whose right and duty it was to insist that a proper order of forfeiture should be made. The county is not an exclusive party plaintiff in actions upon bail bonds. The records of this court show that many actions have been maintained on such bonds in the name of the state; and the state, which is represented by the county or district attorney, could have had the order reviewed by appeal. Such a proceeding would surely have been more appropriate than an original action, brought more than five years after the order complained of was made, and when it is to be presumed that the seven hundred dollars is no longer a part of the revenue of the county, but has long since been expended as required by law. The judgment of the district court is AFFIRMED.