STATE OF MISSOURI, Respondent, v. BALLEN-TINE, Defendant; LUYTIES et al., Appellants.

**St. Louis Court of Appeals, April 12, 1904.**

1. **RECOGNIZANCE: Denial of Execution.** Sureties on a forfeited recognizance, by not denying its execution under oath, admitted they signed it and are bound by it, although the principal may not have signed it.

2. ————: **Release of Sureties: Continuance.** Where a recognizance required the appearance of the defendant from time to time, from term to term and from day to day, during each and every term to which the cause might be continued, a continuance of the cause without his consent did not operate to discharge the sureties on the recognizance.

3. ————: **Wrong Name: Identifying Accused.** In a proceeding against the sureties on a forfeited recognizance of one Ballentine, who was prosecuted under the name of Vallentine, the testimony of the officer who arrested him that he gave the latter name, and for that reason the warrant ran in the name of Vallentine, was admissible for the purpose of showing that Ballentine was the one arrested and proceeded against.

4. ————: **Parol: Evidence of Filing: Harmless Error.** It was not competent to prove by the parol evidence of the judge that he took the recognizance, but the error was harmless, where his official indorsement on the paper showed the fact.

5. ————: **Wrong Name: Sureties Not Released.** Under section 2533, Revised Statutes of 1899, where accused, at the time of his arrest, misled the officer as to his true name, a proceeding against him by the wrong name, even after his true name was discovered, did not relieve the sureties on his forfeited recognizance.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Benj. F. Clark*, Judge.

AFFIRMED.

*Jeptha D. Howe* and *Alphonso Howe* for appellants.

(1) The testimony of Judge Moore should have been stricken out. Oral testimony can not cure defect in record. The testimony of the deputy clerk was likewise incompetent. State v. Peyton, 32 Mo. App. 522; State v. Dougherty, 106 Mo. 182; State v. Richardson, 117 Mo. 586; State v. Austin, 141 Mo. 481. The practice in proceedings like this, relating to forfeited recognizances, is to look to and examine the record, etc. (2) The statute requires all bonds taken by "any sheriff or other officer" must be returned by him forthwith and the clerk of the court to which the defendant is recognized, and by such clerk carefully filed and preserved for the further action of the court. R. S. 1899, sec. 2549. (3) There is another rule of law that is well settled and that is that sureties stand upon the words of the bond, and if the words will not make them liable, nothing can. There is no construction, no equity against sureties. State v. Medary, 17 Ohio 565; Lighting Co. v. Hobart, 98 Mo. App. 227.

*Charles P. Williams* for respondent.

(1) The alleged bond is a part of the files and for the purposes of this case is to be regarded as a part of the record. State v. Heed, 62 Mo. 559; State v. Randolph, 22 Mo. 483; State v. Rogers, 36 Mo. 138; State v. Vette, 183 Mo. —; Grubbs v. Cones, 57 Mo. 83; Collins v. Kamman, 55 Mo. App. 464; Kansas City v. Smart, 128 Mo. 272; State v. Clark, 18 Mo. 432. (2) The bond is a valid bond. 1 Bishop New Crim. Proc.,

sec. 264c; State v. Peyton, 32 Mo. App. 529; State v. Doerner, 33 Mo. 216; R. S. 1899, secs. 675, 2800. (3) The variances are immaterial. 62 Mo. 560. (4) The parol testimony was partly admissible, and partly harmless. State v. Austin, 141 Mo. 481; State v. Woodson (not yet reported).

## STATEMENT.

It appears that George Ballentine was taken into custody by a police officer of the city of St. Louis, on the charge of unlawfully carrying concealed weapons, and committed to the holdover under the name of George Vallentine.     He was a driver for the Luyties Brothers' Grocery Company.    To procure his release, D. R. Luyties and Henry Gill appeared before Hon. Hiram N. Moore, judge of the court of criminal correction, at his residence, in the city of St. Louis, and entered into the following recognizance:

"State of Missouri, City of St. Louis, ss.

"Be it remembered, that on the seventeenth day of June, 1903, personally came before the Honorable Hiram N. Moore, judge of the St. Louis court of criminal correction within and for St. Louis city, D. R. Luyties and Henry Gill, as principals, and acknowledge themselves, jointly and severally, to owe to the State of Missouri, the sum of two hundred dollars, to be levied on their respective goods, chattels, lands and tenements; yet upon condition that if George Ballentine shall personally appear before the St. Louis court of criminal correction on June eighteenth, 1903, and from time to time, from term to term and from day to day to which this cause may be continued, then and there to answer a charge to be preferred against said George Ballentine for carrying concealed weapons, or whatever other charge may then and there be preferred against him, and shall not depart the said court without leave thereof, then this recognizance to be void, else to remain in force.

"(Signed)    (x) GEORGE BALLENTINE, (Seal)
        "D. R. LUYTIES,    (Seal)
        "HENRY F. GILL,    (Seal)
"Taken and certified the year and day aforesaid.
        "HIRAM N. MOORE."

Ballentine did not appear before Judge Moore, and it does not appear when, if at all, he signed the recognizance. Judge Moore delivered the recognizance to the clerk of his court. The clerk received it and put it away in a drawer in his office without first marking it filed, but afterwards made the following memoranda entries thereon:

"June 19, 1903.
"June 20, 1903.
"Ret., July 18, 1903.
"June 20, 1903, defendant fails to answer when called, bond ordered forfeited, *scire facias* to issue for defendant and security D. R. Luyties in the sum of $200. Ret. July 18, 1903."

On June 18, 1903, the prosecuting attorney filed an information before the court of criminal correction charging George Vallentine with the offense of unlawfully carrying concealed weapons. The records of the court show the following, in respect to the case of State v. Vallentine:

"June 18, 1903, continued by court to June 19, 1903; June 19, 1903, continued by the court to June 20, 1903."

June 20, 1903, we find the following record:

"Now at this day comes the prosecuting attorney for the State, and the defendant, although duly called, comes not, but makes default and fails to answer. It is, therefore, considered by the court that the recognizance hereinbefore entered into by said defendant and D. R. Luyties and Henry Gill, his security, in the sum of two hundred dollars, be forfeited. And it is further ordered by the court that a writ of *scire facias* issue against defendant and his security; that an alias war-

rant issue against said defendant, and that this cause be continued to July 18, 1903.''

A *scire facias* sufficient in form and substance was issued and duly served on defendants Luyties and Gill. Ballentine was not to be found.    Luyties and Gill appeared and filed a joint answer in which they challenged the form and legal effect of the recognizance, denied that it ever became a paper in the case, and that any case in fact was ever instituted against George Ballentine, challenged the record in the criminal proceeding and alleged that Ballentine filled all the requirements of the recognizance by appearing July 19, and that the continuance of the case against him on that date without requiring a new recognizance operated to discharge him and the defendants from any further obligation on the recognizance.

The State proved by the parol evidence of Judge Moore that he took and approved the recognizance and handed it to the clerk of his court to be filed, and by the evidence of the clerk what he did with it after he received it, and the fact that he failed to mark it filed.

Officer Flynn testified that he arrested George Ballentine and that he gave the name of Vallentine at the police office and for this reason the warrant was issued against George Vallentine instead of George Ballentine.

All the parol evidence was objected to by defendant.

At the close of the evidence the court refused to nonsuit the State on motion of defendants, and rendered judgment for the State for $200. After unsuccessful motions for new trial and in arrest of judgment defendants appealed.

BLAND, P. J. (after stating the facts).—1.  Defendants entered into the recognizance as principals. They admitted they signed it by not denying its execution under oath and are bound by it, notwithstanding

the fact that Ballentine may not have signed it. State v. Peyton, 32 Mo. App. 522.

2. The recognizance by its terms is a continuing one, that is, it required the appearance of Ballentine in the court of criminal correction from time to time, from term to term and from day to day during each and every term to which the cause might be continued until he should be discharged by the court. A continuance of the cause, therefore, without his consent, if it was so continued, did not operate to discharge the defendants from the recognizance.

3. The evidence of the officer who arrested Ballentine was admissible for the purpose of showing that Ballentine, not Vallentine, was the person arrested and against whom the criminal charges were preferred. It was not competent to prove by Judge Moore that he took and approved the recognizance. But his evidence was harmless for the reason his official indorsement on the paper (of the genuineness of which the court would take judicial notice) was conclusive as to these facts. The recognizance was in the possession of the clerk and showed on its face that it had been taken and approved by the judge of the court. This was sufficient to establish its authenticity and validity and it was binding on the defendant, irrespective of the fact that it had not been marked filed by the clerk. A file mark could show nothing more than that it had been received by the proper custodian, hence the parol evidence of the judge, that he delivered it to the clerk, and of the clerk that he put it in a box in his office, was harmless.

4. We think the evidence is sufficient to show that Ballentine was the person arrested and subsequently charged by information with unlawfully carrying concealed weapons. That he gave his name to the officer who arrested him as Vallentine and thus misled the officer into the error of proceeding against him under the name of George Vallentine, can not avail to relieve the defendants of their obligation on the recognizance.

Ballentine failed to disclose his true name and for this reason he might have been proceeded against to final judgment under the name of Vallentine (sec. 2533, R. S. 1899). The proceedings would have been more regular if, on discovery of his true name, Ballentine had been substituted for Vallentine, but we do not see that the failure to make the substitution can in any wise affect this proceeding or the obligation of the defendants. It was the offender against her laws the State was after. That offender turned out to be George Ballentine and it was for his appearance that defendants entered into the recognizance. All of which is shown by the record before us and we can perceive no valid reason for disturbing the judgment of the court of criminal correction.

Judgment affirmed. *Reyburn* and *Goode, JJ.*, concur.