## STATE v. EDWIN R. COOPER AND ANOTHER.
## NEW AMSTERDAM CASUALTY COMPANY, APPELLANT.[1]

December 3, 1920.

No. 22,012.

**Surety on bail bond not released by continuance of case.**

1. Irregularities in the continuance of a criminal cause pending trial do not release a surety on the bail bond.

**Same—surety not released because of agreement with county attorney.**

2. The oral agreement, by the county attorney and the attorney of the accused, that the accused need not appear in court for trial until after his discharge from the army, entered into without the knowledge or consent either of the surety or of the court, does not discharge the surety from the obligation to produce the accused for trial when notified so to do.

Action in the district court for St. Louis county to recover $5,000 upon a bail bond. The case was tried before Dancer, J., who when the state rested denied defendants' motion to dismiss the action, made findings and ordered judgment against the defendant company. The motion of defendant company for amended findings was granted in part and denied in part. From an order denying its motion for a new trial, defendant company appealed. 'Affirmed.

*A. C. Finney* and *Robert M. Works,* for appellant.

*Warren E. Green,* County Attorney, and *Mason M. Forbes,* First Assistant County Attorney, for respondent.

HOLT, J.

One Edward R. Cooper was indicted by the grand jury of St. Louis county. On June 25, 1918, after arraignment and a plea of not guilty, he was released from custody upon executing a bail bond with defendant as surety. The next term of court was held the following September, on the ninth of which he was present in court. Between the June, 1918, and the January, 1919, terms, there seem to be no record entries

[1]Reported in 180 N. W. 99.

continuing undisposed cases over the term. But beginning with the last named term such entries appear. Against defendant's objections evidence was received of oral directions given by the court at the close of a term continuing over the undisposed civil and criminal cases. On September 8, 1919, the case against Cooper was, pursuant to notice previously given to his attorney and the surety, moved on the calendar for trial. It was reached for trial that day. Cooper was called, and, not appearing, was defaulted and the bond declared forfeited. Thereafter this action was brought to recover the penalty of the bond. The trial was to the court and resulted in findings against the surety. The appeal is from the order denying a new trial.

The assignments of error are grouped under three headings. The first, that Cooper was not in default when the bond was forfeited, seems to be rested on the proposition that since no day was fixed for Cooper's appearance, when in court, no valid order for his appearance could thereafter be made in his absence. The conditions of the bond answer the contention. After reciting that Cooper had been indicted by the grand jury of St. Louis county for the crime of grand larceny, had entered a plea of not guilty, and that the cause is now at issue in said court, pending trial, it reads:

"Now, Therefore, the condition of this recognizance is such that if the above-named E. R. Cooper, principal, shall personally appear and answer to said indictment, at the court house in the city of Duluth, in said county and state, whenever the court shall order such appearance, and whenever the said [cause] shall be called for trial, and shall abide the order of the court therein, and shall also continuously from day to day and term to term thereafter appear and answer to said indictment in said court, or in any court where said cause may be sent for trial; and shall at all times, until the final decree, sentence or order of the court herein, obey and abide by all orders, decrees and sentences of the above entitled court, or any court wherein said cause may be pending, and not depart without leave, or until discharged by the court having jurisdiction of said cause, then this recognizance to be void, otherwise to remain in full force and effect."

The bond is not for an appearance on a particular day. It is a continuing bond pending trial. It requires Cooper to appear for such trial
147 M.—18.

whenever the court shall order such appearance and whenever the cause should be called for trial. Not only that, continuously from day to day and term to term, he is to appear and answer the indictment. And lastly, at all times, until final decree, sentence or order he is to obey and abide all orders of the court and not depart without leave, or until discharged by the court. By the giving of the bond the custody of Cooper was transferred from the sheriff to defendant, and it became bound to produce him whenever the court lawfully required his presence for trial.

Speaking of sureties on a similar bail bond the court, in State v. Breen, 6 S. D. 537, 62 N. W. 135, said: "They were, in effect, his jailers, and so remained from term to term, as continuances of the case were obtained, and under their obligation became liable when he appeared not." To the same effect is St. Louis v. Henning, 235 Mo. 44, 138 S. W. 5, where a sentence from Hawkin's Pleas of the Crown is quoted with approbation. A short pithy decision in State v. Baldwin, 78 Iowa, 737, 36 N. W. 908, seems to be conclusive against defendant. It is there held that "the principal in a bail bond may be required to appear at any term subsequent to the term at which he is required by the language of the bond to appear, without notice to him or his sureties," also that "it will be presumed, if the forfeiture was taken at a subsequent term, that the cause was continued by operation of law to the term when default was taken," and further that "the order of forfeiture is conclusive, and the sureties cannot call in question the facts upon which it is based."

In this case both Cooper's attorney and defendant were notified that the cause would be called for trial at the September, 1919, general term, and to have Cooper present at the first day of the term. Defendant neither produced Cooper nor made any appearance to object to the forfeiture. See also State v. Ballantine, 106 Mo. App. 190, 80 S. W. 317; State v. Williams, 84 S. C. 21, 65 S. E. 982; People v. Hanaw, 106 Mich. 421, 64 N. W. 328; Hortsell v. State, 45 Ark. 59; State v. Holt, 145 N. C. 450, 59 S. E. 64. The court in Gallagher v. People, 91 Ill. 590, said of a bail bond to appear on a day certain then and there to answer "and abide the order of said court," that "the language of this recognizance is sufficiently broad to require the appearance of the ac-

cused from time to time, and from term to term, so long as the proceeding in which he was charged was continued." Even if the cause was omitted from the calendar, or there was a failure to continue it formally, it was not thereby dismissed. It was still pending for trial, and defendant was under the bond obligated to produce him whenever the court should direct or set the cause for trial.

Apart from the express language of the bond, G. S. 1913, § 9091, so clearly makes ineffective every defense here sought to be interposed as to preclude further discussion. It reads:

"No action brought on any recognizance shall be barred or defeated, nor judgment thereon arrested, by reason of any neglect or omission to note or record the default of any principal or surety at the term when it occurs, or by reason of any defect in the form of the recognizance, if it shall sufficiently appear from the tenor thereof at what court the party or witness was bound to appear, and that the court or magistrate before whom it was taken was authorized by law to require and take it."

Therefore, we think, no advantage can be taken by defendant because of the failure of the court records to show that the cause was continued over terms, for an omission to note a default, when it occurs, does not defeat a recovery on the bond.

When Cooper appeared in court September 9, 1918, he had entered the military service. The record does not show when he enlisted. Just previous to the November, 1918, term, the county attorney stipulated that the cause be continued from that term to the January, 1919, term. But the court in substance finds that there was an oral agreement made between the state and defendant, through their respective attorneys, that the accused need not be present in court from day to day or term to term until his discharge from military service, and the cause should be continued from term to term until such time, which agreement was made without the knowledge or consent of this defendant and without the knowledge or approval of the court. Cooper was discharged in July, 1919. Defendant claims to be released from the bond, because of the action of the county attorney.

A similar claim was made by a defendant surety in State v. Benzoin, 79 Iowa, 467, 44 N. W. 709, and disposed of in this fashion: "It is alleged that the cause was continued without defendant's consent, but

with the consent of the accused and the state, and that the adjournments were made by the agreement of the counsel for the parties, entered into at their offices, and there was in fact no appearance before the magistrate when the adjournments were made. It is not alleged that the accused did not consent to the adjournments. They are not shown to have been irregularly made. The defendant's obligation follows the accused, and is binding until the accused be discharged. It will be observed that the defendants by it became bound that the accused would obey the order of the court. By the order for continuance the accused was, if not by express language, impliedly ordered and required to appear and answer further, and obey the final order of the court. By default as to this order the defendant became liable. State v. Brown, 16 Iowa, 314. The defendant, in contemplation of law, was, as the surety of the accused, his custodian, 'the jailer of his own choosing.' State v. Brown, supra. He could have exonerated himself at any time by surrendering the accused in discharge of the bail. He did not do this. He has therefore no ground of complaint."

We think the foregoing is applicable here. Defendant undertook to have Cooper present, not only at each term of court, but on each day of the term. Had defendant observed this condition it would have had knowledge of what was being done or omitted to be done in the disposition of Cooper's cause. The stipulation was on file. If its terms were not to defendant's liking or if any other step taken in the cause made its position as surety undesirable, it could at once surrender Cooper under G. S. 1913, § 9094. The stipulation, even if it be conceded effective without the action of the court, does not contravene the conditions of the bond and cannot be held to release the surety.

The views above expressed lead to an affirmance, and it is not necessary to inquire at length as to the authority of the county attorney to make the oral agreement he did make, or the effect thereof upon the surety. It may be stated generally that under our practice the county attorney's conduct of criminal prosecutions is under the control of the court. Continuances, nolle prosequis, and dismissals of causes must be sanctioned by the court. G. S. 1913, §§ 8510, 8511, 9220. The agreement between the attorneys referred to in the findings not having the approval of the court, should therefore have little weight. The action of the

county attorney has not deceived either the accused or the surety. No advantage was attempted to be taken of the former, and the latter, not knowing of the agreement, of course, has done or omitted nothing in reliance thereon. In Silvers v. State, 59 N. J. Law, 428, 37 Atl. 133, it was held that a nolle prosequi entered by the prosecuting attorney did not release the surety on a bond conditioned as is the present, that the principal "will not depart the said court without leave." See also State v. Haskett, 3 Hill's Law, 95 (S. C.). A nolle prosequi is surely not less effective to excuse the attendance of an accused than the agreement of the county attorney in Cooper's case. People v. Brown, 13 N. Y. Supp. 320, holds that an assurance of the district attorney that the accused could go away until sent for would be no defense to an action on the bond. Husbands v. Commonwealth, 143 Ky. 290, 136 S. W. 632, is much in point, holding that the bail is not exonerated by the consent of the commonwealth's attorney that the accused may go from the state, and the agreement by such attorney to dismiss the prosecution at the next term of court, provided the surety is given a reasonable opportunity to produce him in court on a forfeiture of the bond. This defendant was given ample notice to produce Cooper. It did not produce him, nor ask for time to so do, nor offer any excuse whatever for the failure to have him present. It does not appear that Cooper was drafted. Enlistment would not exonerate the bail. Lamphire v. State, 73 N. H. 463, 62 Atl. 786, 6 Ann. Cas. 615, and note.

Counsel for defendant places great reliance on Reese v. United States, 9 Wall. 13, 19 L. ed. 541, but it is to be noted that there the stipulation to continue the cause until the determination of certain civil actions was entered and granted by an order of court. Here the oral arrangement was without the knowledge or consent of the court. In Tanquary v. People, 25 Colo. App. 531, 139 Pac. 1118, the demurrer admitted that the cause had been abandoned by the state as averred in the answer and that that fact was communicated to the accused and his surety, and the court held this showed the bond to have served its purpose and the principal and sureties entitled to a formal discharge.

In view of the foregoing conclusions the contention that the county attorney had authority to make the agreement referred to, and that

Cooper had a right to rely on its terms is of no consequence. The agreement was without force unless sanctioned by the court. It does not lie with defendant to say Cooper could rely on one part of the agreement and ignore that part which required his appearance for trial after his discharge from the army.

The order is affirmed.