## UNITED STATES v. PLEASON et al.

District Court, D. Minnesota, Third Division. May 11, 1928.

. Courts ⬤═337—Proceedings for holding accused to answer before federal court and sufficiency of bail bond are determinable by state law (18 USCA § 591).

Under 18 USCA § 591, all proceedings for holding an accused to answer to a criminal charge before a federal court are ruled by laws of state in which proceedings take place, unless otherwise provided by federal statute, and sufficiency of bail bond taken in such proceedings is determinable by state law.

2. Bail ⬤═75—Recognizance held to require accused to appear on date specified and continually thereafter until case disposed of, and appearance after date specified was insufficient (18 USCA § 591; 28 USCA § 169; Gen. St. Minn. 1923, §§ 10579–10584, 10588, 10593–10595).

Under 18 USCA § 591, 28 USCA § 169, and Gen. St. Minn. 1923, §§ 10579–10584, 10588, 10593–10595, relating to bail, a recognizance taken by United States commissioner, requiring accused to appear to answer indictment before federal court on certain date, and from day to day thereafter during said term, and from term to term and from time to time until finally discharged, required accused to appear on date specified and continually thereafter during term then being held, and each subsequent term until case was disposed of, as against contention that his appearance when brought into court under bench warrant on date subsequent to that stated, but during same term, satisfied requirement of bond.

Order Granting Motion to Strike Answer and for Judgment.

Action by the United States against David J. Pleason and others. On motion to strike the answer as sham and frivolous and for judgment on the pleadings. Motion granted.

Lafayette French, Jr., U. S. Atty., and John K. Fesler, Asst. U. S. Atty., both of St. Paul, Minn.

Thos. J. Newman and David H. Ruvelson, both of St. Paul, Minn., for defendants.

JOHN B. SANBORN, District Judge. The complaint recites that on the 14th day of August, 1926, the defendant David J. Pleason was arrested and brought before the United States commissioner; that the defendants,

on the 4th day of May, 1927, gave a certain recognizance, acknowledging themselves indebted to the United States of America in the sum of $5,000, conditioned that the defendant David J. Pleason should personally appear before the District Court of the United States for the District of Minnesota on the 7th day of May, 1927, a special term or rule day, and from time to time thereafter, to answer the charge exhibited against him, and to abide the judgment of the court, and not depart the court without leave; that on the 2d day of November, 1927, at the general term of said court held in St. Paul, Minn., Pleason failed to appear, and his bond was duly forfeited; and that the defendants have failed and refused to pay the amount in which they recognized. A copy of the bond is attached to the complaint.

The defendants, in their answer, deny that they failed to comply with the terms and conditions of the recognizance, or that they are in default, and allege that Pleason appeared on the 16th day of November, 1927, during the November term of the court, pleaded guilty, and was sentenced.

There is no dispute as to what occurred. Pleason was charged with having had in his possession an unregistered still, in violation of section 3258, Revised Statutes of the United States (26 USCA § 281; Comp. St. § 5994). He was arrested, brought before the commissioner, who found probable cause, and was released from custody upon his giving the bond in question, which contains the following language:

"The condition of the above obligation is such that, if the said David J. Pleason shall personally be and appear before the United States District Court for the District of Minnesota, Third Division, at the April term thereof, in the United States court room, in the city of St. Paul, in said district and division, on the 7th day of May, A. D. 1927, at 10 o'clock a. m. of that day, and from day to day thereafter during said term, and from term to term and from time to time, until finally discharged therefrom, to answer an indictment filed therein on the 16th day of November, 1926, charging that on or about the 13th day of August, 1926, within said district, the said David J. Pleason, in violation of section 3258, Revised Statutes of the United States, did unlawfully have in his possession an unregistered still, and shall not depart said court without leave, and shall abide by and obey all orders made by said court, and shall surrender himself in execution of the judgment and sentence of said court in the premises, at the time of such sentence, or at the expiration of any stay of the execution thereof which may be granted by the court, then this obligation to be void; otherwise, to remain in full force, virtue, and effect."

Pleason was arraigned at special term on the 7th day of May, 1927, and entered a plea of not guilty. He was not tried at that term of court, the jury having been discharged in April, but his case was called for trial on the 2d day of November, 1927, the opening day of the next term. He did not appear, his bond was forfeited, and a bench warrant issued. On the 16th day of November, 1927, he was brought into court, changed his plea of not guilty to guilty, and was sentenced. At the same time a motion was made to reinstate the bond; but the court found that Pleason's failure to appear upon the first day of the term was willful, and denied the motion. Thereafter this suit was brought.

It is the contention of the defendants that the appearance of Pleason, under the circumstances, on the 16th day of November, 1927, was a sufficient compliance with the terms of the bond, and that the bond did not require his appearance on the first day of the November term, and that his appearance at any time during the term was all that was required.

[1] Section 591, title 18, U. S. Code (44 Stat. pt. 1, p. 506), provides:

"For any crime or offense against the United States, the offender may, * * * by any United States commissioner, * * * and agreeably to the usual mode of process against offenders in such state, * * * be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense."

Under this section, all proceedings for holding an accused person to answer to a criminal charge before a court of the United States are ruled by the laws of the state in which the proceedings take place, unless otherwise provided by federal statute, and the sufficiency of a bail bond taken in such proceedings is to be determined by the law of the state. United States v. Mace (C. C. A.) 281 F. 635, 637; United States v. Patterson, 150 U. S. 65, 67, 14 S. Ct. 20, 37 L. Ed. 999; United States v. Zarafonitis (C. C. A.) 150 F. 97, 10 Ann. Cas. 290.

[2] The question, then, is whether, under the law of this state, such a bond as this would require the appearance of David J. Pleason at the term of court in question and at the time his case was called. The sections of the Minnesota statutes relating to bail are 10579,

10580, 10581, 10582, 10583, 10584, 10588, 10593, 10594 and 10595, Statutes of Minnesota of 1923.

The terms and conditions of such recognizances are not specified in the statute. Section 10579 provides that the recognizance shall require the accused to appear at the term of court "next holden" in the county in which the offense was committed. Section 10593 provides that if an accused shall fail to perform the conditions of his recognizance, default shall be entered, and section 10595 provides that no action upon the recognizance shall be defeated by reason of any defect in its form, if it shall sufficiently appear from the tenor thereof at what court the party was bound to appear, and that the court or magistrate was authorized by law to require and take the recognizance.

It seems to me that the case of State v. Cooper, 147 Minn. 272, 180 N. W. 99, disposes of the question presented by this motion. There a recognizance very similar to this one was under consideration. The court said of it:

"The bond is not for an appearance on a particular day. It is a continuing bond pending trial. It requires Cooper to appear for such trial whenever the court shall order such appearance and whenever the cause should be called for trial. Not only that, continuously from day to day and term to term, he is to appear and answer the indictment. And, lastly, at all times, until final decree, sentence, or order, he is to obey and abide all orders of the court and not depart without leave, or until discharged by the court. By the giving of the bond the custody of Cooper was transferred from the sheriff to defendant [surety], and it became bound to produce him whenever the court lawfully required his presence for trial."

Section 169, title 28, U. S. C. (as amended April 10, 1926), 44 Stat. pt. 1, p. 2027 (28 USCA § 169), provides that a term of this court for the Third division shall be held on the first Tuesday in April and the first Tuesday in November in each year. A reasonable construction of this recognizance is that it required the defendant Pleason to appear on the 7th day of May, 1927, and continually thereafter during the term then being held, and during each subsequent term until his case was disposed of. The defendant's construction is not reasonable, and not in accordance with the terms of the recognizance. It would, in effect, permit the defendant to escape trial, because he could, without being in default, report at a time during each term when there was no jury present to try him.

The motion to strike the answer is granted, and it is ordered that judgment be entered in favor of the plaintiff, as prayed.