Ruggles, J.
 

 delivered the opinion of the court.
 

 The condition of the defendant’s recognizance, as stated in the declaration, required him to appear at the then next court of oyer and terminer, and then and there answer an indictment against him for forgery, and to do and receive what by the court should be then and there enjoined upon him; and that he should not depart the court without leave.
 

 The defendant’s first objection to the .declaration, is that it contains no averment that an indictment was found against him at the sitting of the court at which he was bound to appear. This objection is founded on the mistaken supposition that the defendant was discharged, and the condition of the recognizance satisfied by the failure of the grand jury to find a bill of indictment. He was neither discharged, nor entitled to his discharge, except in the discretion of the court. Prisoners in jail, and persons bound by recognizance to appear and answer to an indictment to be found, are usually discharged unless an indictment is found at the next meeting of the grand jury. But the discharge is not of course. It is regularly granted only by the special order of the court, after public proclamation and notice to all persons to show cause, if any they have, against the discharge. It would be a criminal oifence in the jailer, to set his prisoners free without the order of the court, although the grand jury may have been discharged without finding a bill. A man’s bail are the jailers of his own choosing, and they are bound to have him as much in the power of the court, as if he were within the prison walls. After the discharge of the grand
 
 *84
 
 jury, prisoners charged with offences and not indicted, are not entitled to be set at liberty, if satisfactory cause be shown for detaining them in custody, until the meeting of the next grand jury. (2
 
 R. S.
 
 758, § 26.) Under the like circumstances, persons out on bail are continued under recognizance and not discharged. It is necessary for the most obvious reasons, that this power of detention should exist and be occasionally exercised. Offenders would otherwise frequently escape punishment, by the sickness or unavoidable absence of a material witness, while the grand jury was sitting, and by various other accidenta, causes. One of the objects of that clause, and the condition of the recognizance, which required the defendant to be in court, to do and receive what the court should enjoin upon him, was to secure his attendance, to await and abide such order in relation . to him, as the court might make, in case an indictment should not be found. The declaration, it is true, does not show that any order was made, or that any thing was enjoined upon the defendant by the co irt. But that is not necessary, because no order could be made, and nothing could be enjoined upon him, until he appeared in pursuance of his obligation. The object of the clause was therefore defeated by his non-appearance, which was of itself the breach of this branch of the condition, and is properly assigned in the declaration.
 

 A second objection to the declaration, is that it does not show jurisdiction in the supreme court commissioner to let the defendant to bail, and to take the recognizance. A supreme court commissioner has power to let to bail, in all cases where bail may be taken. (2
 
 R. S.
 
 710,
 
 §
 
 29.) That section empowers a supreme court commissioner to let any person to bail, who may be brought before him, charged with crime of any grade. The authority extends not only to the cases in which the offender may have been arrested and examined according to the preceding provisions of that statute, but to all other cases in which bail may be taken at common law. The statute does not abrogate the common law. And although an offender is entitled to the benefit of all the forms and provisions contained m the statute, in relation to his arrest, examination, and order for commitment, before he can be
 
 compelled
 
 to enter into recogni
 
 *85
 
 zance to appear and answer, yet he may waive those forms, and when charged with an offence, may prefer to give bail at once, without waiting for an arrest, or an examination, according to the forms prescribed in the statute. This is not unfrequently done, and no doubt can be entertained of the validity of a recognizance taken under such circumstances. The statute, section 1, enumerates the officers who may execute the powers and duties conferred by that title, and excludes all others. But section 29, which confers the power to take bail on the officers therein mentioned, does not limit their power to take a recognizance, to the cases in which the charge is on oath, or in which the offenders have been adjudged to be committed, in case bail be not given. A recognizance may therefore be valid, although given without any previous adjudication that there was cause for committing the party to jail ; and the absence of a recital that there was such cause, or that it was so adjudged by. the magistrate, does not vitiate or impair the force of the obligation.
 

 In the
 
 People
 
 v.
 
 Koeber, (7 Hill,
 
 43,) and
 
 The People
 
 v.
 
 Young,
 
 (7
 
 Id.
 
 45,) it was held to
 
 be
 
 necessary
 
 that it
 
 should appear on the face of the recognizance, not only that the defendant was charged with the commission of a crime, but that there was probable ground for believing him guilty, or that the magistrate adjudged it to be so; and the recognizances were declared void because it appeared merely that the defendant was charged with a criminal offence. The court came to this conclusion because the statute only gives the magistrate power to require a recognizance in cases where he has authority to commit. But the statute introduced no new rule on this subject. At common law and under the English statutes the magistrate could only require bail where he was authorized to commit in case bail were not given. The reason therefore for requiring a recital of the grounds of the accusation in the recognizance in England were as strong, as they are under the statute here; and yet not a precedent is to be found containing such a recital.
 

 But the law as laid down in the cases last above cited was subsequently overruled in the case of
 
 The People
 
 v.
 
 Kane,
 
 (4
 
 *86
 

 Denio,
 
 430,) on the ground that they applied the same rule to a recognizance as to a mittimus or other proceeding of that nature, to which the assent of the party could not be presumed or supposed. It is well settled that in such case the process of a magistrate must show on its face that it was made on sufficient authority. But where, as in the case of a recognizance, it appears to be the voluntary act of the party, the presumption is and ought to be in favor of the regularity of the proceeding which led to it, and of the validity of the instrument itself, until the contrary be shown, or unless the want of authority to take it appear upon the paper itself. In this case the commissioner had a general authority to take bail in all cases ; and the condition being that the defendant should appear and answer to an indictment to be preferred against him for forgery, sufficiently shows that he was charged with that crime.
 

 If, in fact, this recognizance was extorted from the defendant upon any illegal compulsion, he will be at liberty to set it up by way of defence. But the declaration contains all the averments necessary to show a valid recognizance, and the breach of its condition by the defendant. The judgment of the supreme court should be affirmed with costs.
 

 Judgment affirmed.1