## M. O. Taliaferro *v.* L. F. Steele, Sheriff, et al.

The rendition of a judgment on insufficient evidence is not a cause for which the *action of nullity* will lie, in the absence of all proof of fraud or ill practice on the part of the plaintiff.

The invalidity of a *bail bond* is not one of the causes for which an action will lie, to annul a judgment rendered on it.

The remedy in both of the above cases is by appeal.

When a bail bond recites the finding of a Grand Jury, the parties to it are estopped from denying its existence or contents.

If the bond, in specifying the charge in the indictment, does not follow the words used in the statute, and the indictment, and the warrant of arrest is not signed by the Clerk of the court, they are objections patent upon the face of the record, and when in such a case judgment is rendered on the bond, the remedy is by appeal, and not by an action of nullity.

APPEAL from the District Court of the Parish of Bossier, *Egan, J.*

*Looney & Fort*, for plaintiff and appellant.    *F. P. Stubbs*, for defendants.

LAND, J. This suit is brought to annul a judgment, and at the same time, to arrest its execution during the pendency of the proceedings.

It appears that the Grand Jury of the parish of Bossier found an indictment against one *Bozeman,* for the offence of carrying " a dangerous weapon concealed on his person, contrary to the statute of the State." That he was arrested by the Sheriff, and gave bond for his appearance, in the sum of five hundred dollars, with the plaintiff, *Taliaferro, James M. Jones* and *W. Arick,* as his securities. That he failed to appear in pursuance of the condition of his bond, and that a judgment of forfeiture was entered against him and his securities. That notice of this judgment was given to the sureties, and that after the legal delays, an execution issued thereon, and the property of the plaintiff was seized and advertised under it, for sale. And that plaintiff thereupon commenced this action to annul the judgment, and to enjoin the sale.

The plaintiff assigns four different grounds of nullity, as follows :

First. Because said judgment was acquired without legal evidence, or by a quasi-fraud.

Second. Because the bond was given for the appearance of the principal on a charge not prohibited by the laws of this State, and, therefore, the judgment was absolutely null and void.

Third. Because *L. E. Bozeman* never had any citation or notice, legal or constructive, of the charge against him in the bill of indictment, and it could not, therefore, be the basis of a judgment. And,

Fourth. Because the arrest was unlawful, and without authority, and the bond given under such circumstances was null and illegal, and, therefore, neither the principal nor the securities are bound by it.

I. The rendition of a judgment on insufficient evidence is not a cause for which the action of nullity will lie, in the absence of all proof of fraud, or ill practice, on the part of the plaintiff. The remedy, in such a case, is by appeal. C. P., Arts. 605, 607.

II. The invalidity of a bail bond is not one of the causes for which an action will lie to annul a judgment rendered on it. C. P., Arts. 605, 607. The remedy is likewise by appeal.

III. The bond recites the finding of the indictment by the Grand Jury, and

estops the parties to it from denying its existence, or contents, as a matter of notice.

IV. This ground of objection is substantially the same as the second, and for the same reason, is insufficient to maintain the action of nullity.

The bond specifies the charge to be, "the crime of carrying concealed weapons," and the warrant describes the offence in the same language, omitting the word "dangerous" used in the statute and in the indictment. The warrant, besides, was not signed by the Clerk of the court.

If there be anything in these objections, they were patent on the face of the record, and the plaintiff's remedy was by appeal, and not by action of nullity.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.