## EDWARDS ET AL. VS. THE STATE.

Parties committed for non-payment of fines and costs, in criminal prosecutions, are entitled to the benefit of the Insolvent Debtor's Act.

The amount of the penalty in a bond is the criterion of jurisdiction.

Where an order of committal is made, on a conviction in a criminal case, it is to be presumed that the party to be charged in custody is present, and in such case no process to arrest is necessary.

Parties to a penal bond are estopped by the recitals in the condition.

It is no ground for a new trial that averments in a declaration not put in issue by the pleadings were unsupported by evidence.

*Appeal from Crawford Circuit Court.*

Hon. FELIX I. BATSON, Circuit Judge.

WALKER & GREEN, for the appellants.

To maintain an action upon the bond as a statutory bond, a forfeiture of the bond must have been previously declared by the court. *Gould's Dig. Ch. 99, sec. 5; Ch. 52, sec. 62.*

The record does not exhibit valid legal proceedings—without which the bond was void—no warrant of imprisonment appears to have been issued, the mere order of the court is not sufficient for this purpose.

HEMPSTEAD, for the State.

The parties to the bond are estopped by the recitals of the conviction to deny that Edwards was legally imprisoned.

The order of the court was sufficient to warrant imprisonment without issue of special process.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

The bond sued on in this case, was executed by Silas Edwards, as principal, and Henry Edwards and Benjamin F. Edwards, as sureties, on the 14th August, 1857, in the penal sum of $200, under the 5th section of the act for the benefit of insolvent debtors, (*Gould's Dig. Ch. 90.*) The condition of the bond as set out in the declaration, is as follows:

" Conditioned that whereas the said Silas Edwards is now imprisoned in the common jail of Crawford county, for the payment of certain fines assessed against him, and has filed his petition to be permitted to take the benefit of the insolvent law; *now* therefore if the said Silas Edwards shall be and appear

before the circuit court of Crawford county, on the first day of the next term of said court held for said county, and surrender himself to prison, &c.; or if, on his appearance, he does not comply with every thing required by the act, etc., in relation to insolvent debtors, to procure his discharge, then this obligation to be void, else to remain in full force and effect."

The declaration alleges, in substance, that Silas Edwards, the principal in the bond, at a term of the Crawford circuit court begun and held on the first Monday in August, 1857, was convicted and fined on six indictments, four for assaults and batteries, one for an assault, and one for Sabbath breaking, and in each case was ordered by the court into the custody of the sheriff until the fine and costs were paid. That under these orders Edwards was imprisoned by the sheriff, and to procure his discharge, petitioned the Circuit Judge for the benefit of the insolvent act, and upon executing the bond sued on, was released from prison. The breach of the bond assigned is, that he wholly failed to appear at the next term of the court, or to comply with every thing required by the act to procure his discharge, or to surrender himself to prison; that his petition for the benefit of the act was dismissed, in consequence of his failure to appear, etc., and the bond forfeited, etc.

The court overruled a demurrer to the declaration interposed by Benjamin F. Edwards, and he rested.

The special grounds of demurrer assigned are:

1. That, as appears by the declaration, Silas Edwards was not imprisoned, or liable to be imprisoned in any manner, for any debt or damages for which he could be released on giving bond, etc.

2. That the court had no jurisdiction of the cause for the reason that the sum in controversy in each breach was less than $100.

The declaration shows that Silas Edwards was imprisoned under orders of the court for his failure to pay the fines and costs imposed upon him in the prosecutions for misdemeanors recited in the declaration. *Sec.* 215, *of Ch.* 52, *Dig. p.* 443

expressly gives to persons detained for such fines or costs the benefit of the insolvent debtors' act.

The amount of the penalty of the bond sued on, and not the fines and costs in each case, was the criterion of jurisdiction. The penalty being in the sum of $200, the circuit court had jurisdiction of the cause of action.

The defendants Silas Edwards, and Henry Edwards filed four pleas, as follows:

1. " That there was no writ or process whatever in favor of the State, whereon the said defendant Silas Edwards might be arrested and imprisoned in the jail of said county, etc., in manner and form as in said bond and condition thereof mentioned.

2. " That the said Silas Edwards was not imprisoned or liable to be imprisoned in any manner for any debt or damages for which he could present his petition to the circuit court of Crawford county, offering to deliver up to the use of his creditors all his property, and be permitted to take the benefit of the insolvent law of the State, etc.

3. " That there is not any record of the supposed conviction of the said defendant Silas Edwards of assault and battery remaining in the said Crawford circuit court in manner and form, etc.

4. " That said defendant Silas Edwards was not imprisoned or liable to be imprisoned in any manner for which he could be released in manner and form as alleged in the said plaintiff's declaration."

The State interposed a demurrer to the 1st, 2d and 4th pleas, which was sustained by the court, and the defendant rested.

The court properly sustained the demurrer to the first plea. The declaration does not allege that Silas Edwards was arrested or imprisoned by virtue of any writ or process, nor was any necessary. He was present in court, it must be supposed, when the judgments in the criminal prosecutions were rendered against him, and when the court ordered him into the custody

of the sheriff, until the fines and costs were paid. It is not the practice to issue any process in such cases.

The 2d and 4th pleas were bad for several reasons : *First*, they tendered no issue of fact, but assert a legal proposition— *Second*, we have decided above, in disposing of the demurrer to the declaration, that a party imprisoned for fine and costs in a criminal case, may be released from prison under the insolvent act; and consequently a bond executed by him under the act, to procure his discharge from prison, is legal and valid— and *third*, the condition of the bond recited that Silas Edwards, the principal in the bond, was imprisoned for the payment of fines assessed against him, and the parties to the bond were estopped to deny it.

The State took issue to the third plea, the case was submitted to the court, by consent of parties, and the court found in favor of the State, and assessed the damages at $200, the amount of the penalty of the bond.

The defendants moved for a new trial which was refused, and they excepted, and appealed.

On the trial, the State read in evidence, against the general objection of the appellants, the record of the judgment entries in the criminal cases referred to in the declaration. No specific objection to their admissibility has been pointed out here. It may be remarked that no evidence was introduced upon the trial that Silas Edwards failed to appear at the circuit court, etc., etc., as required by the condition of his bond, or that the bond was forfeited, etc., as assigned in the declaration. But there was no plea putting in issue these allegations, and hence it was not necessary for the State to prove them.

Finding no error in the record of which the appellants have any right to complain, the judgment of the court below must be affirmed.