THE STATE v. BENZION *et al.*

1. **Bail-bond: RECITATIONS OF: ESTOPPEL.** A surety in a bail-bond, which recites that an adjournment of the case was ordered, and that the bond was executed to give the accused the benefit of the order, cannot, when the obligation is about to be enforced, deny these recitations, and plead as a defense that the bond was executed before the accused was brought before the court.

The State v. Benzion.

2. ———: PREPARATION OF IN ANTICIPATION OF AN ADJOURNMENT. It is no objection to the validity of a bail-bond that it was prepared and signed before the accused was brought before the justice, in anticipation of an application for an adjournment. (Compare sec. 4189 of the Code.)

3. ———: SURETY : DISCHARGE BY CONTINUANCES. A surety cannot be exonerated from liability on a bail-bond on the ground that the preliminary hearing was several times continued by agreement without his consent, and without the appearance of the accused when the continuances were ordered.

*Appeal from Marshall District Court.*—HON. J. L. STEVENS, Judge.

FILED, FEBRUARY 8, 1890.

ACTION upon a bail-bond for the appearance of Benzion to answer to an information filed before a justice of the peace charging him with a misdemeanor. Horton, the surety in the recognizance, demurred to the petition. The demurrer was overruled, and the surety appeals.

*J. M. Parker*, for appellant.

*W. W. Miller*, for appellees.

BECK, J.—I. The petition alleges that defendant Benzion was arrested on the third day of July upon a warrant issued by a justice of the peace ; that a continuance was ordered by the justice to the tenth day of July, and thereupon he, and the defendant as surety, entered into a bail-bond, in the usual form, for the appearance of the accused at a day fixed for the trial, and to abide the order of the court in the premises ; that the cause, upon the consent of the defendant and the state, was twice continued after the first continuance, when the accused was required to appear before the district court, but he failed to appear and obey the order of the justice made in said proceedings, and

The State v. Benzion.

thereupon a default was taken against the defendants. As the questions in the case arise upon the overruling of a demurrer to the answer, it becomes necessary to set out the pleading. It is as follows : "Comes now the defendant James Horton, and for answer to the petition says that he admits the making of the bond set out in the petition, and the plaintiff's right of recovery thereon, except for the following matters in avoidance and defense thereof ; that is to say : Said bond was signed by the said Horton at Gilman when the arrest of the defendant Benzion was made, some fourteen miles distant from the office of the said Justice BURRITT, who issued the warrant. The signing took place before the return of the warrant, and before the defendant Benzion had been brought before the justice, and before the adjournment had been made to the tenth day of July, 1888, or any order therefor, and before the said justice had acquired jurisdiction in the case. Afterwards the defendant Benzion was brought before the said Justice BURRITT, and the cause adjourned until July 10, 1888. But before that day arrived, without the knowledge or consent of this defendant Horton the state, by its attorney, and Benzion's attorney, without cause, continued the case until the twentieth or twenty-first of July, but which day the defendant is unable to say. That the several continuances made, as specified in the petition, were made without the appearance of the defendant Benzion, or the attorneys for the parties, and were all without any cause whatever. And defendant avers that said adjournments were made by the respective attorneys at their offices, or upon the street, to accommodate themselves as to other legal business ; and several of the continuances were expressly made until after other causes should be tried, and to abide the event of the same, and the adjournments were made upon such contingencies, and no other cause, express or implied. That by reason of the confusion and uncertainty caused by said adjournments this defendant was deprived of his right as surety from delivering

up said Benzion, or taking indemnity for his liability, which he otherwise might have done.

II.  It will be observed that the answer alleges, in effect, that the accused was brought before the justice after arrest, and thereupon the cause was continued to the tenth day of July.  But the recognizance was signed before the accused was brought before the justice, and before the order for the adjournment had been made. The answer, it will be observed, pleads as a defense the fact that the bail-bond was signed before the accused was brought before the justice.  It is clear that the defendant, having executed the bond, which recites that an adjournment of the case was ordered, and that the obligation was executed to give the accused the benefit of the order, cannot now, when the obligation is about to be enforced, deny these recitations.  They are in the nature of admissions, which defendant ought not to be permitted to dispute.

*1. BAIL-BOND: recitations of: estoppel.*

II.  But there was no irregularity in permitting the accused to prepare his recognizance in anticipation of an application for an adjournment, and secure the signature of a surety.  To permit him to do so is in favor of exemption from unnecessary restraint of his liberty, and is to his own advantage.  Surely his surety, who became bound by the bond, should not be permitted to deny his obligation thereon, when it accomplishes just the thing he intended, namely, the release of the accused from custody.  The objection is technical, and is not commended by justice or necessity for the protection of the rights and liberty of the accused.

*2. ——: preparation of in anticipation of an adjournment.*

The statute provides that one charged with a misdemeanor may give bail to the officer making the arrest, the magistrate being required to indorse on the warrant the amount of bail, and directions for the enlargement of the accused upon his giving it.  Code, sec. 4189.  The statute thus provides that the accused may be admitted to bail without appearing before the

magistrate. This statute is in accord with the spirit of our law, which was followed by recognizing the validity of the recognizance in this case.

III. An amended abstract shows that the adjournments were not for a period exceeding thirty days, as prescribed by Code, section 4230. It is alleged that the cause was continued without defendant's consent, but with the consent of the accused and the state, and that the adjournments were made by the agreement of the counsel for the parties, entered into at their offices, and there was in fact no appearance before the magistrate when the adjournments were made. It is not alleged that the accused did not consent to the adjournments. They are not shown to have been irregularly made. The defendant's obligation follows the accused, and is binding until the accused be discharged. It will be observed that the defendants by it became bound that the accused would obey the order of the court. By the order for continuance the accused was, if not by express language, impliedly ordered and required to appear and answer further, and obey the final order of the court. By default as to this order the defendant became liable. *State v. Brown*, 16 Iowa, 314. The defendant, in contemplation of law, was, as the surety of the accused, his custodian,—"the jailer of his own choosing." *State v. Brown, supra*. He could have exonerated himself at any time by surrendering the accused in discharge of the bail. He did not do this. He has therefore no ground of complaint. He failed to take the steps provided by law for his exoneration. He must discharge the duty and obligation he assumed by becoming bail, by paying the penalty fixed in the recognizance for the default of the accused. These views dispose of all questions arising in the case. The judgment of the district court is          Affirmed.

3. ——: surety: discharge by continuances.