The People of the State of New York, Appellant, *v.* Frederick R. Gillman, Respondent.

An undertaking of bail given in the form prescribed by the Code of Criminal Procedure (§ 568), is not void because of an omission to fill in the blank in the recital intended for the specification of the nature of the crime. The omission is not one prejudicing or tending to prejudice the defendant in respect to a substantial right, and so does not render the undertaking invalid. (§ 684.)

By coming into the proceedings, the surety will be presumed to know upon what charge the prisoner was held.

*It seems* the undertaking binds the surety for the appearance of the prisoner not only to answer for the specific crime, but also any other charge for which he may be subsequently indicted, and he is not released until the prisoner is discharged by the court.

The change of practice under said Code from that under the Revised Statutes pointed out.

(Argued January 14, 1891, decided January 20, 1891.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 8, 1890, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This was an action upon an undertaking given by defendant upon the admission to bail of one Frank Cava.

The facts, so far as material, are stated in the opinion.

*Martin Heermance* for appellant. It is not essential to the validity of the undertaking that it shall state the crime for which the person is held. (*People* v. *Blankman,* 17 Wend. 255 ; 1 Chitty on Crim. Law, 33 ; *Gildersleeve* v. *People,* 10 Barb. 40 ; *People* v. *Kolber,* 7 Hill, 39 ; *People* v. *Young,* Id. 44.) This undertaking having effected the purpose for which defendant executed it, he is now estopped from setting up its invalidity. (*Kelly* v. *McCormick,* 28 N. Y. 323 ; *Chamberlain* v. *Applegate,* 2 Hun, 510 ; *Bates* v. *Merrick,* 2 id. 571.) The undertaking in question does not vary from the form prescribed by statute, to the prejudice of defendant or of the

party for whose benefit it was given, and, therefore, is valid within the provisions of the Code of Civil Procedure and the Code of Criminal Procedure. (Code Civ. Pro. § 729.) The instrument in question is valid and binding in any event, as an agreement. (*Carr* v. *Sterling*, 114 N. Y. 558.) A recognizance may be forfeited if the party fails to appear, though the charge found against him be other and different from that mentioned in the recognizance. (*People* v. *Stager*, 10 Wend. 434.) The evidence objected to by defendant was properly admitted. (*Routledge* v. *Worthington Co.*, 119 N. Y. 596; *Hunt* v. *Rousmaniere*, 1 Pet. 1; *Cook* v. *Nathan*, 16 Barb. 346; *Schmitz* v. *Langheer*, 88 N. Y. 506.) The Code of Criminal Procedure now contains all the existing statutes relating to undertakings in criminal proceedings. In adopting that Code the legislature had the power to enact, and did enact, a rule of construction to apply thereto, and we are not left to deduce a rule by parity of reasoning, from judicial construction of analogous statutes. (Code Crim. Pro. § 684; *People* v. *Dimmick*, 107 N. Y. 323; Penal Code, § 11.)

*Herman Frank* for respondent. Every undertaking or recognizance should specify the particular charge which the principal is to answer. Any other theory would be absurd and against the intent of the surety and contrary to law. (2 Black. Comm. 341; *People* v. *Fillon*, 36 Barb. 429; *Crane* v. *Keating*, 13 Pick. 342; *Massey* v. *State*, 4 Tex. App. 580; *Cooral* v. *State*, 6 id. 463; *People* v. *Rundle*, 6 Hill, 506; *People* v. *Kane*, 4 Den. 530; *People* v. *Graham*, 1 Park. Cr. Rep. 141; *People* v. *Blankman*, 17 Wend. 252; *People* v. *Stager*, 10 id. 434.) Parol testimony to vary, modify or add to the written instrument was inadmissible. (2 R. S. 746, § 24; Code Crim. Pro. § 568; Greenleaf on Ev. § 268; *Boydell* v. *Drummond*, 11 East, 142; Chitty on Cont. 314, 316; 4 Cruise Digest, 33, 35, 36, 37; *Parkhurst* v. *Van Cortlandt*, 1 Johns. Ch. 273; Read on Stat. of Frauds, § 12; *Glass* v. *Hurlbut*, 102 Mass. 24; *Mentz* v. *Newwitter*, 122 N. Y. 342; *Calking* v. *Falk*, 39 Barb. 630;

*Drake* v. *Seaman,* 97 N. Y. 270; 31 Penn. St. 270; *Wright* v. *Weeks,* 25 N. Y. 159; *Moulding* v. *Prussney,* 70 Ill. 151: *Johnston* v. *Kimball Township,* 39 Mich. 187; *Hutchins* v. *Lee,* 1 Atk. 447; *Simpson* v. *Kimberlin,* 12 Kans. 584; Brown on Stat. of Frauds, §§ 371, 375; 3 Pars. on Cont. 13; *Nicholson* v. *State,* 2 Kelly, 137; *Wallen* v. *State,* 18 Tex. App. 414; *State* v. *Loeb,* 21 La. Ann. 599; *People* v. *Kane,* 4 Den. 534.) If a condition prescribed by statute is omitted in the recognizance it is void, although the surety is benefited. (*Alex* v. *Bates,* 33 Ga. 125; *State* v. *McCown,* 24 W. Va. 625.)

GRAY, J. The defendant being sued by the plaintiff, as the surety upon an undertaking of bail, objects, in effect, that it was void and of no force, because the crime, or charge, was not therein specified. The occasion of its execution was the admission to bail of one Frank Cava, at the time in custody of the sheriff upon a charge of assault in the second degree. The instrument was a printed form, in the language of section 568 of the Code of Criminal Procedure, and the defendant became thereby surety for the prisoner's appearance, and for his being at all times amenable to the order and process of the court; unless his undertaking was rendered nugatory, by reason of an omission to fill in the blank in the recital intended for the specification of the nature of the crime. The General Term reversed a judgment recovered by the People, holding that in their opinion the bail bond was void for the omission and relying upon the authority of decisions rendered prior to the adoption of the present Code. But those decisions, upon the question of recognizances taken under the Revised Statutes, we do not consider to be controlling in this case. The written undertaking upon the bailing of prisoners is required by the Code of Criminal Procedure to be in "substantially" the form there given. It is a legal proceeding in the case, by which the accused person is admitted to bail. He is not thereby discharged, but he is permitted to go in custody of his bail instead of remaining in that of the sheriff. As it was said by RUGGLES, J., in *Champlain* v. *People* (2 N. Y. 82), his bail is bound to

have him as much in the power of the court as if he were within the prison walls.   Being a proceeding, therefore, under the Code, an  error, or  mistake, in  the  undertaking  will not render it invalid, unless it have actually prejudiced the defendant, or tend  to his prejudice, in  respect to a substantial right. (Code Crim. Pro. § 684.)   The applicability of this section to the case of  the surety is in this respect, that he  cannot claim the undertaking, formulated  by the Code for the putting in of bail,  to  be  void  because  of  some  defect  in  its  preparation, unless it be one which  prejudices the defendant in the cause. That, obviously, is not the  effect here of the  omission.   The prisoner was still in custody, under the charge upon which arrested, and he could not be discharged until by order of the court.   Nor does it have any effect upon the surety, or render his obligation an imperfect one, which the law will not enforce.

Under the Revised  Statutes the recognizance was a matter of record, being entered in the minutes of the court, and the substance thereof being  read  to  the  person  recognized  as bail.  (2 R. S. 746, § 24; *People* v. *Kane*, 4 Den. 530.) In an action of debt on a forfeited recognizance, proof was required to be made of an entry containing the acknowledgment of an indebtedness, the offense charged and the condition.   The debt was then deemed  conclusively evidenced by such record proof of the recognizance.   By the present Code of Criminal Procedure, a new  practice  is  prescribed and a written undertaking is required to be put in.   When executed in the form prescribed, or in substantially that form, the prisoner goes  in custody of the person who has thereby become surety for his appearance, until the order of the court.   As formerly, so now, being  the  voluntary act of the party, the undertaking permits the presumption of the regularity of the proceedings, and by coming into the proceeding in that manner, in behalf of the accused, the surety will be presumed to know upon what charge the prisoner was held by the sheriff. The statement of the offense charged, therefore, is not of the essence of the undertaking of bail, nor does it bear materially upon the obligation.   It is rather a matter for recital and it bears

upon the completeness of the instrument in form and historical detail. The undertaking binds the surety for the appearance of the prisoner, not merely to answer to that specific charge upon which he was admitted to bail, but, also, that he " shall at all times render himself amenable to the order and process of the court, and, if convicted, shall appear for judgment and render himself in execution thereof." While he is in custody, whether that of the sheriff or surety, he is held to appear as well upon any other charge of crime for which he may be subsequently indicted. The undertaking is, in effect, that the defendant in the proceedings shall be kept in custody and subject to the order of the court until discharged. When that occurs, and not till then, is the surety released. The consideration of the undertaking is the transfer of the prisoner from the custody of the sheriff to that of his surety, and provided that that instrument acknowledges an indebtedness, conditioned upon the performance of something to which a person may be legally bound under the Code, the law is satisfied, and omissions or mistakes, such as we have here, are not regarded.

The order of the General Term should be reversed, and the judgment of the Special Term should be affirmed, with costs.

All concur, except RUGER, Ch. J., not voting.

Order reversed and judgment of Special Term affirmed.