### Herman Kuhle v. The People of the State of Illinois.

1. SCIRE FACIAS—*On Forfeited Recognizance—What Question can
not be Raised.*—The question as to whether an acting justice of the peace
has been lawfully elected and qualified can not be raised in a proceeding
in the Circuit Court by *scire facias* to obtain an absolute judgment and
execution on a forfeited recognizance, certified by the justice, with a
record of the default under section 367 of the criminal code, the de-
fendant having admitted by the recitals of his recognizance that the offi-
cer was a justice of the peace.

2. SAME—*When a Justice's Entries can not be Denied.*—Where the
investigation of a criminal charge before a justice of the peace was con-
tinued at different times, and the justice's record showed that the surety
consented that the recognizance should stand for the appearance of the
defendant on the various days to which such continuances were had, after
the record of the proceedings before the justice were filed in the Cir-
cuit Court, in pursuance of the statute, it became a matter of record in
that court, and its entries regarding such consent can not be questioned
by pleas and tried by a jury.

3. SAME—*Plea of Non Est Factum.*—A plea of *non est factum* is not
proper to a *scire facias* on a forfeited recognizance.

4. SAME—*Issues of Law.*—A plea of *nul tiel record* to a *scire facias*
on a forfeited recognizance presents no issue of fact for a jury to try.

5. RECOGNIZANCE—*When not Necessary on Continuances.*—Where
the surety on a recognizance to obey the orders of the court in a crimi-
nal proceeding before a justice is present and consents that the proceed-
ing shall be continued from time to time, it is not necessary that a new
recognizance should be taken upon each continuance.

6. SAME—*On Continuances Before Justices of the Peace.*—Where a
recognizance in a criminal proceeding before a justice of the peace for
the appearance of the defendant was conditioned that he should obey
the orders of the court in the case, *it was held* that each order of con-
tinuance was, in legal effect, an order of the court for the defendant to
appear and answer the charge on the day to which the case was reset to
be heard.

Scire Facias, on a forfeited recognizance. Appeal from the Circuit
Court of Christian County; the Hon. JACOB FOUKE, Judge, presiding.

Heard in this court at the November term, 1895.  Affirmed.  Opinion filed May 29, 1896.

## STATEMENT OF THE CASE.

On May 7, 1895, Adam Crone was arrested on a criminal warrant and brought before F. O. Edler, an acting justice of the peace in and for Christian county, to answer a charge that he had violated the election laws of the State by voting at an election at which he was not, as he well knew, a qualified voter.  The investigation was continued by the justice until the 17th day of May, and said Crone as principal, and the appellant as his surety, entered into a recognizance conditioned for the appearance of Crone before said justice on said 17th day of May to answer said charge, and that "he would not depart the court without leave and would obey its orders."

Crone and the appellant appeared on the 17th day of May, and the cause was continued by agreement until the 27th day of May, 1895, at 10 A. M.  On this latter date Crone and the appellant, his surety, appeared and the investigation was again continued by agreement until June 4, 1895, at which time Crone and the appellant again appeared and entered into an agreement that the case should be continued until June 14, 1895, at 10 A. M.

Crone did not appear on the 14th day of June aforesaid, and default was entered against him and judgment rendered that his recognizance be forfeited.

The recognizance, with a record of the default, was certified to the Circuit Court of Christian County in accordance with the direction of section 357 of the criminal code in such cases.

This was a proceeding by *scire facias* to obtain an absolute judgment on the forfeited recognizance and for execution.

Service was had upon the appellant only, and judgment having been rendered against him he appealed to this court.

TAYLOR & ABRAMS, attorneys for appellant.

The recognizance in this cause was taken under section

415 of criminal code, Starr & Curtis' Statutes, 848, as follows:

"A judge or justice of the peace may for good cause adjourn an examination or trial pending before himself from time to time, as occasion requires, not exceeding ten days at one time, without the consent of the defendant or person charged. In the meantime if the party is charged with an offense not bailable he shall be committed, otherwise he may be recognized in a sum and with securities to the satisfaction of such judge or justice of the peace for his appearance for such further examination, and for want of such recognizance he shall be committed to jail."

It was contended on the part of appellant that the surety was released when the terms of the recognizance were complied with. When Crone appeared on the 17th day of May, in compliance with the terms of the recognizance, it had spent its force—had become *functus officio*. Up to the 17th day of May Crone was constructively in the custody of Kuhle, his surety, and subject to arrest and surrender by him at any moment. When he appeared before the justice on May 17th, in answer to the recognizance, this legal right to control him was gone. Wilson v. The People, 10 Ill. App. 357; Spillman et al. v. The People, 16 Ill. App. 224.

The measure of the liability of sureties is fixed by the terms of the instrument they sign. Such undertaking can not be enlarged by judicial construction. Mix v. Singleton, 86 Ill. 194.

The undertaking was to appear before F. O. Edler, justice, May 17, 1895, at ten o'clock A. M., which the *scire facias* avers was done. No other or different undertaking was signed. The undertaking of a surety is construed strictly. His liability will not be extended by implication. The People v. Tompkins, 74 Ill. 482; Myers v. First National Bank, 78 Ill. 257.

The surety is not held beyond the precise words of his undertaking. Davis v. The People, 1 Gilm. 409.

In case of doubt as to the liability of the surety, the doubt is generally, if not universally, solved in his favor. Stull et

al. v. Hance, 62 Ill. 52; Adams et al. v. The People, 12 Ill. App. 380; City of Bloomington v. Heiland, 67 Ill. 278.

Appellant having produced his principal on the day fixed in the bond, the justice had no right to enter a default for his non-appearance at a subsequent day, and *scire facias* issued on such default was void. Ogden v. The People, 62 Ill. 63.

JAMES B. RICKS, Acting State's Attorney, and M. L. NEWELL, Assistant Attorney-General, attorneys for appellee.

The recognizance stated that the officer who took it was a justice of the peace, and appellant is estopped to deny it. People v. Meacham, 74 Ill. 292.

The third, fourth, and fifth pleas were attempted to collaterally attack the proceedings before the justice, and the demurrer to them was properly sustained. Johnson v. The People, 31 Ill. 469; Bulson v. The People, 31 Ill. 409–415; Quinn v. The People, 45 Ill. App. 547–554; People v. Watkins et al., 19 Ill. 117; Peacock v. The People, 83 Ill. 331; The plea of *nul tiel record* put in issue all the material allegations of the *scire facias;* and if such a record was produced its verity could not be questioned. Hence all that could properly be gained by the third, fourth, fifth and sixth pleas was secured by that plea. Petty v. The People, 19 Ill. 317.

The plea of *non est factum* was not a proper plea. Johnson v. The People, 31 Ill. 469.

Under an issue so joined upon the plea of *nul tiel record* there was nothing for a jury to try. Petty v. The People, 19 Ill. App. 317; Gould's Pleading (4th Ed.), 289, Secs. 16 and 17, Chap 6; Stephen's Pleading, 225.

The continuance of the cause by the justice can not prejudice appellant, who could surrender his principal at any time. Norfolk et al. v. The People, 43 Ill. 9; State v. Benzion, 79 Iowa, 467; Sec. 363, Criminal Code.

The strictness of construction of the provisions of the recognizances for the purpose of defeating them, has not been adhered to by our courts. Lewis v. The People, 23

Ill. App. 28; Gallagher et al. v. The People, 91 Ill. 590; Norfolk v. The People, 43 Ill. 9; Stokes v. The People, 63 Ill. 489.

Appellant was bound by his agreement that the recognizance should stand upon the continuance of the cause. The People v. Ogden, 10 Ill. App. 226; Brandt on Sureties, Sec. 509, p. 728; State v. Benzion, 79 Iowa, 467.

The condition of the bond, to not depart the court without leave and obey its orders, are material conditions. People v. Ogden, 10 Ill. App. 226; Chilton v. The People, 66 Ill. 501; State v. Benzion, 79 Iowa, 467.

Upon filing the recognizance and the orders relating thereto and affecting the same, in the Circuit Court, they become matters of record in that court, and the truth of the entries could not be put in question in this proceeding. Quinn v. The People, 45 Ill. App. 547–554; The People v. Watkins et al., 19 Ill. 117; Peacock v. The People, 83 Ill. 331; Bulson et al. v. The People, 31 Ill. 409; Petty v. The People, 19 Ill. App. 317; Johnson v. The People, 31 Ill. 469; Mooney v. The People, 81 Ill. 234.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The magistrate was an acting justice of the peace—a *de facto* officer—and whether he was a lawfully elected and qualified justice could not be raised and determined in the action. Moreover, the appellant, by the recitals of the recognizance, admitted the officer was a justice of the peace. Therefore the plea he was not a justice was obnoxious to demurrer. People v. Meacham, 74 Ill. 292.

It appeared from the record of the proceedings before the justice, the appellant consented the recognizance " should stand " for the appearance of Crone on the various different days to which the cause was continued.

Pleas Nos. 3, 4 and 5 sought to present an issue of fact whether appellant had so consented.

The record kept by the justice having been filed in the Circuit Court, in pursuance of the statute, became a matter of record in that court, and the truth or falsity of the rec-

ord entries could not be questioned by pleas and tried by a jury.

Hence demurrer to each of those pleas was properly sustained. Johnson v. People, etc., 31 Ill. 469.

*Non est factum* is not a proper plea in an action on a record such as the one at bar. Johnson v. People, *supra.*

The only remaining plea being *nul tiel record* there was no issue of fact for a jury to try.

The court properly refused to submit the case to a jury.

The undertaking of the appellant was Crone would " obey the orders of the court " in the case. Each order of continuance was in legal effect an order to Crone to appear and answer the charge on the day to which the case was reset to be heard. State v. Benzion, 79 Iowa, 467.

The appellant was present when each order of continuance was entered. He consented the case should be so continued from time to time. It was not necessary a new recognizance should have been executed, when each continuance was granted. The appellant could have surrendered his principal at any time and been exonerated from all liability.

He chose not to do so, and the justice properly ruled he was answerable for the failure of Crone to appear on the day the default was rendered, in obedience to the order of the court when the continuance was allowed. Gallagher v. The People, etc., 91 Ill. 590; State v. Benzion, 79 Iowa, 467; Gentry v. The State, etc., 25 Ark. 544.

If this view of the legal effect of the orders of continuance is correct, it is manifest there is no variance between the allegations of the *scire facias* and the recitals of the transcript as to the default of Crone.

The condition of the bond was such that when considered in connection with the orders of the court, it was the undertaking the appellant Crone would appear on the 15th day of June, 1895, as stated in the record of the default, and such is the legal effect of the allegations of the writ of *scire facias.*

There is no error in the record. Judgment affirmed.