## VOLUME 72,

### AND

# New York State Reporter,

## VOLUME 106.

---

(35 Misc. Rep. 765.)

### PEOPLE v. RUSSELL et al.

(Supreme Court, Special Term, New York County. September 20, 1901.)

1. BAIL BOND—SUFFICIENCY—STATEMENT OF OFFENSE.
   Under Code Cr. Proc. § 684, providing that no departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor any error or mistake therein, shall render it invalid unless it has actually prejudiced, or tended to prejudice, the defendant in respect to a substantial right, a bail bond which fails to correctly state the ground of an arrest, but uses an abbreviation therefor, is not defective unless it results in the prejudice of the bondsman.

2. SAME—ESTOPPEL.
   Where a bail bond has obtained for the principal all the benefits which could be derived therefrom if the bond had been correct in form, the sureties will be estopped from setting up in defense thereto that it is insufficient in failing to describe the crime for which defendant was arrested.

Action by the people against Frederick B. Russell and others on a bail bond. Judgment was rendered in favor of the plaintiff, and defendants moved to vacate the judgment and an execution issued thereon. Motion denied.

Wm. G. Cooke, for the motion.

Eugene A. Philbin, Dist. Atty., for the People.

McADAM, J. The defendants, principal and surety on a bail bond given at the Eighteenth precinct police station house, claim that, because it recites that the principal is held to answer the complaint of "Sus. Person" (an offense unknown to the law), the bond is void, and hence a judgment entered on a forfeiture thereof, and

72 N.Y.S.—1

an execution to collect the same, must be vacated on their application. The claim is based on the argument that the principal was in custody upon a charge of what under the law was no offense at all, and that the arrest and detention were not only wrongful, but the whole proceeding void ab origine. That the abbreviated term used indicates no offense in law is not so plain. Where there is reasonable cause to believe that a person has committed a felony, he may be arrested without a warrant. Code Cr. Proc. § 177. Yet the belief is generally nothing more than a well-grounded suspicion. Such a person is, therefore, regarded in police parlance as a "suspicious person," the designation aptly denoting the offense. The condition of the bond was not only to produce the prisoner before the magistrate on the following day, but he was to there "remain to answer, subject to any order of the magistrate, and render himself in execution thereof." The complainant appeared in court on August 20th, the day specified in the bond, and charged the prisoner with extortion, a crime which may be either felony or misdemeanor, according to circumstances. Pen. Code, §§ 552, 557. If the defendant had been in actual custody, the proper officer would have produced him to answer this charge, and the object of the bail bond is to put the prisoner as much under the power of the court as the officer, whose place the sureties take, would have done if the bond had not been given. It was formerly held that the recognizance should so far state the crime charged as to show the case to be one over which the officer taking it had jurisdiction. People v. Koeber, 7 Hill, 39; People v. Young, Id. 44. But subsequently, in People v. Kane, 4 Denio, 530, it was held by the same court that the recognizance need not recite the special facts which gave the officer jurisdiction, and the cases above cited were in this respect overruled. In Champlain v. People, 2 N. Y. 82, the rule laid down in People v. Kane, supra, was adopted by the court of appeals, and has ever since been the settled law of the state. Gildersleeve v. People, 10 Barb. 35. The reason of the rule is that, the entering into a recognizance being the voluntary act of the party, he admits the authority of the magistrate, and acknowledges the regularity of the proceedings in which it is taken. In this respect the case is distinguishable from one where the liability arises from a proceeding in invitum. Gildersleeve v. People, supra. The inaccurate or inadequate recital of the offense in the bond in no manner affects its validity. The Code of Criminal Procedure (section 684) provides that "neither a departure from the form or mode prescribed by this Code in respect to any pleadings or proceedings, nor an error or mistake therein, renders it invalid unless it have actually prejudiced the defendant or tend to his prejudice in respect to a substantial right." No substantial or other right of the defendants has been prejudiced in this instance. Acting on this provision, the court in People v. Gillman, 125 N. Y. 372, 26 N. E. 469, held that the omission to recite in the bail bond the offense charged did not prejudice the defendant, that the recital is not the essence of the undertaking of bail, and that the defendant discharged on bail may be tried upon any other charge subsequently made. Besides, on

every equitable principle, the bond has obtained for the defendants all the benefit that could be derived from the suretyship, and they should now be estopped from setting up its invalidity. Kelly v. McCormick, 28 N. Y., at page 323; Chamberlain v. Applegate, 2 Hun, 510; Bates v. Merrick, Id., at page 571. It follows that the defendants' motion to vacate the judgment and execution must be denied, with $10 costs.