HENRY BARTLING v. STATE OF NEBRASKA.[*]

FILED FEBRUARY 17, 1903. No. 12,657.

Commissioner's opinion, Department No. 2.

1. **State Decisis.** *Hesselgrave v. State,* 63 Nebr., 807, and *State v. Murdock,* 59 Nebr., 521, examined, approved and distinguished.

2. **Conditions of Recognizance.** The conditions of a recognizance for

Syllabus by court; catch-words by editor.
[*] Rehearing allowed. See opinion, p. 643, *post.*

the appearance of one accused of a criminal offense are not invalidated by the failure of the term of court at which he was required to appear, on account of an adjournment or continuance of such term.

3. **Recognizance:** SURETY: EXTENSION OF LIABILITY. In such case, the liability of the surety on the recognizance is extended to the next term of court actually held, as though no adjournment or continuance had been had.

4. ———: ———: CONDITIONS. The conditions imposed upon a surety on a recognizance by the provisions of sections 32 and 33, chapter 19, Compiled Statutes (Annotated Statutes, secs. 4742, 4743), examined and *held* reasonable and binding.

ERROR from the district court for Cheyenne county. Action upon a recognizance forfeited in a criminal case. Tried below before GRIMES, J. Judgment for plaintiff. *Affirmed.*

*William P. Miles, James H. McIntosh, Francis G. Hamer* and *Thomas F. Hamer,* for plaintiff in error.

*Henry E. Gapen, Wesley T. Wilcox* and *J. J. Halligan, contra.*

OLDHAM, C.

On December 5, 1900, the county attorney of Cheyenne county filed an information in the district court of that county against John Bartling in proper form, charging him with the crime of horse-stealing and of receiving stolen horses knowing the same to have been stolen. December 7, John Bartling and Henry Bartling personally appeared before the district court of Cheyenne county in open court, and entered into a recognizance in the sum of $2,000, containing the following conditions: "The condition of this recognizance is such that if the said John Bartling shall personally appear at the adjourned December, 1900, term of the district court in and for Cheyenne county, on the 26th day of December, 1900, to answer the offense of horse-stealing and receiving stolen horses wherewith he stands charged in said court, on an information pending therein,

wherein the state of Nebraska is plaintiff and said John Bartling defendant, and abide the order and judgment of said court, and not depart without leave thereof, then this recognizance to be void, otherwise to remain in full force and effect." This term of court was subsequently adjourned until December 26, 1900. On December 22, 1900, the judge of the district court, on account of the prevalence of smallpox in the county of Cheyenne, made an order on the clerk of the court to further adjourn the term until January 21, 1901. When the notice of this adjournment was received by the clerk of the court, he notified the defendant, John Bartling, of such adjournment; but notwithstanding this notice, on December 26, 1900, the defendant appeared at the office of the clerk of the district court accompanied by one of his attorneys. On January 3, 1901, on account of the continued prevalence of smallpox in the county seat and county of Cheyenne, the judge of the court directed the clerk to adjourn the term without day, and this order was accordingly entered. The first regular term of the district court of Cheyenne county for the year 1901 had been fixed for February 4, but on January 22, on account of the continuance of smallpox in the county seat, the judge of the district court made a further order adjourning the February term of court until May 14, 1901, at which time the court was duly held. When court met pursuant to the last adjournment the defendant, John Bartling, failed to appear, and his bond was formally defaulted, and this cause of action was subsequently instituted by the county attorney of Cheyenne county against John Bartling and Henry Bartling, his surety, to recover the penalty of the bond. There was no disputed question of fact in the controversy, and the court accordingly directed the jury to return a verdict for the state, and defendant brings the cause to this court for review on error.

It is earnestly urged by counsel for plaintiff in error that the undisputed facts in this case place the case within the rule recently announced in *Hesselgrave v. State*, 63 Nebr., 807, and *State v. Murdock*, 59 Nebr., 521, and that

consequently, the trial court should have directed a verdict for the defendants instead of directing it for the state. In each of the cases relied upon the term of court at which the defendants were recognized to appear was actually held and no action was taken by the court until a subsequent term for the purpose of forfeiting the recognizances. In each of the cases it was held that a recognizance to appear at a term of court named should not be construed as an obligation to appear from term to term. We have not the slightest criticism to offer on the conclusions reached in either of these cases, but we think the conceded facts in the instant case take it without the reason of the rule therein announced.

In the case at bar, after the recognizance was entered into and approved, no term of court was held in Cheyenne county until May 14, 1901, and as soon as this term was held proceedings were immediately instituted to forfeit the recognizance. While there is no dispute about the fact that the principal in the recognizance came to the place at which court was designated to have been held on December 26, it is also conceded that he knew at the time that he did so that no court would be held there at that time. This is the only appearance that he ever attempted to make in satisfaction of the conditions of his recognizance. Hence the question to be determined in this case is not what would have been the effect of this appearance on December 26, if court had actually been held and adjourned to another term without action being taken to forfeit the recognizance, but the question is what, if any, effect has this pretended appearance, made after court had been adjourned, and no sitting provided for at which the prisoner could either be put upon trial for the offense with which he was charged, or any action taken to forfeit his recognizance if he departed the court without leave? To determine this we must first ascertain what, if any, statutory liability is imposed upon a surety on a recognizance for the appearance of his principal at a term of court subsequent to that at which he was recognized to appear, when for any suffi-

cient cause such term is never held. The provisions of the statute defining this liability are found in sections 32 and 33, chapter 19, Compiled Statutes (Annotated Statutes, secs. 4742, 4743), and are as follows:

"Sec. 32. No recognizance, or other instrument or proceeding, shall be rendered invalid by reason of there being a failure of the term, but all proceedings pending in court shall be continued to the next regular or special term, unless an adjournment be made as authorized in the last preceding section.

"Sec. 33. In case of such continuances or adjournments, persons recognized or bound to appear at the regular term, which has failed as aforesaid, shall be held bound, in like manner, to appear at the time so fixed, and their sureties (if any) shall be liable, in case of their nonappearance, in the same manner as though the term had been held at the regular time, and they had failed to make their appearance thereat."

These sections are preceded by section 31, which authorizes the judge of the court if he be sick, or for any other sufficient cause is unable to attend court at the regularly appointed time, by written order to the clerk to direct an adjournment to a day named. A cause which shall be sufficient to authorize an adjournment rests in the discretion of the district judge, and ordinarily will not be reviewed by this court. *Smith v. State,* 4 Nebr., 277, 285. Even if the rule were otherwise, the record in this case discloses a most meritorious cause for the various adjournments.

By the orders of December 22, 1900, and January 3, 1901, the adjourned October term of 1900 was blotted out of existence and absolutely failed. By the order of January 22, 1901, the February term, 1901, was continued until a day certain, *i. e.,* May 14, 1901, and was held at the time so fixed. Now, applying the provisions of sections 32 and 33, *supra,* to the record in this case, we find that the adjournment of the October term of court did not invalidate the recognizance, and that after such adjourn-

ment the surety on the bond was held for the appearance of his principal on the day fixed for the next sitting of court as though no continuance or adjournment had ever been had. We think this construction reflects the plain and obvious intention of the lawmakers in the enactment of these sections of the statute. They undoubtedly anticipated that conditions might occur after the announcement of a term of court which would prevent its being held, and that such a condition might not operate as a jail-delivery for those recognized to appear to answer for some violation of the law, they extended the liability of the sureties on recognizances to such time as court should actually be held. We do not think that these provisions imposed any unreasonable burdens upon the surety on a recognizance of one charged with a criminal offense. By assuming the obligation of a surety on such an undertaking, the bondman becomes the custodian and voluntary jailer of the accused, and if the time for which he is first bound for such appearance is extended by the continuance or failure of a term of court, he has the right to exonerate himself from further liability on the undertaking by delivering the prisoner to the sheriff or jailer of the county in which the cause is pending. *State v. Benzion*, 79 Ia., 467, 44 N. W. Rep., 709.

It is urged by counsel for the plaintiff in error that such a construction as this would render the statute unconstitutional and ex-post-facto in its provisions. This statute appears to have been passed in 1879 and has remained in continuous operation ever since. The obligation of the surety on the recognizance in this case was not entered into until 1900, or more than twenty years after the enactment of this statute; consequently we are unable to understand how the passage of this act could possibly have a retroactive effect on obligations entered into a generation after its enactment.

We think that a surety on a recognizance must take notice of the obligations imposed upon him by the law providing for such recognizance; that the object of the recog-

nizance in a criminal proceeding is to secure the presence of the accused at the next term of court actually held after such recognizance has been entered into and approved; and that when the surety fails to either deliver his principal into the custody of the proper officers of the law or to procure his attendance at a term of court actually held, his liability upon the recognizance becomes absolute.

It is, therefore, recommended that the judgment of the district court be affirmed.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed November 18, 1903. *Former decision adhered to:*

AMES, C.

This case has been elaborately briefed and reargued upon a rehearing from a former determination of it (*ante*, p. 637), but we are not convinced that there is any error in either the reasoning or conclusion of the former decision and recommend that it be adhered to.

HASTINGS, C., concurs.

OLDHAM, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the former decision be adhered to.

FORMER DECISION ADHERED TO.