ST. LAWRENCE COUNTY v. GOLDBERG et al.

(Supreme Court, Special Term, St. Lawrence County. April 7, 1916.)

1. BAIL ⊂⇒47—JURISDICTION TO ADMIT TO BAIL—JUSTICE OF THE PEACE.
   A justice of the peace, with jurisdiction to inquire into and determine whether there was cause to believe that accused had committed a criminal offense within the county, and with power to hold the accused to answer the charge if he found an offense committed and reasonable cause to believe the accused guilty thereof, was necessarily empowered to hold the accused to bail, even though his determination was erroneous and the facts found by him constituted no offense.

   [Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 165–183, 257; Dec. Dig. ⊂⇒47.]

---

2. BAIL ⬤⟿84—COLLATERAL ATTACK.

    Such determination of the justice could not be questioned in an action on the bail undertaking given to secure the release of the accused.

    [Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 379–381; Dec. Dig. ⬤⟿84.]

3. BAIL ⬤⟿75—UNDERTAKING OF SURETIES—LIABILITY.

    The sureties on a bond of a principal, bound to appear, not only to answer a particular criminal charge, but to render himself amenable to the orders and process of the court, on his failure to appear, were liable on their undertaking, as until he appeared and was discharged or served under the judgment of the court they were not released.

    [Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 309–312, 315–321; Dec. Dig. ⬤⟿75.]

Action by St. Lawrence County against William Goldberg and another. Demurrer to complaint overruled.

Geo. H. Bowers, of Canton, for plaintiff.

Louis J. Rezzemini, of Albany, for defendants.

BORST, J. Defendants demur to the complaint on the ground that it does not state a cause of action. It is alleged in the complaint: That one Giles A. Chase was a justice of the peace of the town of Massena, St. Lawrence County. "That on or about the 1st day of January, 1916, an information was laid before the said Giles A. Chase as such justice of the peace of the town of Massena, charging one Abe Wilcovitz with a violation of section 1370 of the Penal Law of the state of New York, and a warrant was thereupon, and on or about said 1st day of January, 1916, issued by said Chase as such justice as aforesaid, for the arrest of said Abe Wilcovitz, charging him with a violation of section 1370 of the Penal Law of the state of New York, the offense so charged being one that the said Chase as such magistrate had jurisdiction to hear, try, and determine." That Wilcovitz was arrested and thereafter arraigned before the justice, and to procure his release from custody on the charge made against him the defendants "signed and executed an undertaking whereby they jointly and severally undertook that the said Abe Wilcovitz should appear and answer the said charge of violating section 1370 of the Penal Law of the state of New York, in whatever court the same might be prosecuted, and should at all times render himself amenable to the orders and process of the court, and if convicted should appear for judgment and render himself in execution thereof, and that if he failed to perform either of said conditions, that they, the said defendants, would pay the sum of $200." That Wilcovitz was released from custody on said bail, but did not thereafter appear for trial as provided in the undertaking, and the same was forfeited.

[1, 2] The justice had jurisdiction to inquire and decide whether there was cause to believe that the accused had committed a criminal offense within the county of St. Lawrence. Necessarily the power so vested in the justice likewise vested in him the power to hold the accused to answer the charge, if he found an offense had been committed and there was reasonable cause to believe the accused guilty of

such offense. The power of the justice to hold the accused to bail in such case followed, even if his determination was erroneous· and the facts found by him constituted no offense. The determination of the justice cannot be questioned in an action on the undertaking given to secure the release of the accused. This would allow the decision of a court, which had jurisdiction to inquire and determine, to be assailed by collateral attack.

[3] Further, the principal was held to appear, not only to answer the particular charge made, but also any other charge of crime, for the terms of the bond as stated in the complaint are that he "should at all times render himself amenable to the orders and process of the court," and until he appeared and was discharged, or served under the judgment of the court, his sureties would not be released. The accused failed to appear, and his sureties are liable on their undertaking that he would appear. The following authorities support the conclusion reached: People v. Gillman, 125 N. Y. 372, 26 N. E. 469; People v. Russell, 35 Misc. Rep. 767, 72 N. Y. Supp. 1; Pernetti v. People, 99 App. Div. 393, 91 N. Y. Supp. 210; Champlain v. People, 2 N. Y. 82; Hardy v. U. S., 71 Fed. 158, 18 C. C. A. 22; U. S. v. Graner (C. C.) 155 Fed. 679; 5 Cyc. 98.

The undertaking having been taken in a Court of Special Sessions, the action is properly brought in the name of the county. Section 739, Code of Criminal Procedure.

The demurrer is overruled, with costs of motion to the plaintiff. A draft order may be submitted accordingly.