## UNITED STATES v. CASERTA.

(District Court, E. D. Louisiana, New Orleans Division. June 4, 1926.)

No. 10202.

Intoxicating liquors ⊂⇒246—Motor truck admittedly used for illegal transportation held subject to forfeiture (Prohibition Act, tit. 2, § 26 [Comp. St. Ann. Supp. 1923, § 10138½mm]).

Defendants, found by prohibition agents with a motor truck loaded with liquor, who, after destruction of the liquor, were told that they were under arrest and directed to appear and bring the truck, and who did so, giving bonds for their appearance and release of the truck, later pleading guilty to illegal transportation of liquor in the truck, cannot defend against forfeiture of the truck by denying the legality of their arrest or the seizure of the truck.

Forfeiture Proceeding. Suit by the United States against Felix Caserta and Salvadore Caserta for forfeiture of a motor truck. Decree of forfeiture.

Arthur A. de la Houssaye, of New Orleans, La., for the United States.

Joseph A. McCaleb, of New Orleans, La., for defendants.

DAWKINS, District Judge. This is a proceeding to forfeit a motor truck for transporting intoxicating liquors in violation of the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The facts were substantially as follows:

On January 18, 1926, the defendants had

loaded their truck with liquor, to be used for beverage purposes, covering the same with vegetables, and had driven it out of the garage onto the highway, when they discovered the prohibition agents. It was then driven back into a garage on other premises. The agents 'sighted the defendants about the same moment and closed in on them. Possession was taken of the truck, and the alcohol destroyed on the spot. An unsuccessful attempt was made to start the motor, in order to bring the truck to New Orleans, and the agents later left, instructing the defendants to bring it in and make bond for its release and their appearance under criminal charges. The agents did not take hold physically of the defendants, but said to them, "Consider yourselves under arrest." Next day the accused appeared, brought the truck to New Orleans, and gave bond, both for their appearance and for the return to them of the truck.

When arraigned on charges of possessing and transporting intoxicating liquors on May 14, 1926, defendants first pleaded "not guilty," later withdrew the same, and filed a written motion to be allowed to plead nolo contendere, and to file a motion praying that the government be denied the right to forfeit the truck, which was refused by the court. They then pleaded guilty, but insisted upon their right to resist the forfeiture of the car, which was opposed by the government. The motion was ordered filed, and the matter was later heard by the writer of this memorandum, sitting for Judge Burns.

It is contended by the defendants, first, that there was no lawful arrest or seizure of the truck while in the act of transporting liquors, as required by the Prohibition Act; and, secondly, if so, then that both were immediately released by the agents, the accused permitted to go at large, and the truck was returned to their possession without bond.

Counsel has presented a very able and well-arranged brief upon the case, but I am convinced after an examination of the law, as I was on the argument, that it does not lie in the mouth of the defendants, after having appeared and given bond for the release of the truck and their appearance under criminal charges, and after having pleaded guilty to the transporting of liquor in this same vehicle, to deny either the arrest or seizure. Both acts were set forth as accomplished facts in the bonds which were given, and they cannot now be heard to deny the same. 6 C. J. p. 1015, verbo "Bail," § 266; 5 Century Digest, verbo "Bail," § 245; Taliaferro v. Steele, 14 La. Ann. 656; Harris v. State, 60 Ark. 212, 29 S. W. 751; Hortsell v. State, 45 Ark. 59; Edwards v. State, 22 Ark. 303; Welborn v. People, 76 Ill. 516; People v. Watkins, 19 Ill. 117; State v. Benzion, 79 Iowa, 467, 44 N. W. 709; State v. Kruise, 32 N. J. Law, 313; People v. Russell, 35 Misc. Rep. 765, 72 N. Y. S. 1, affirmed 67 App. Div. 620, 74 N. Y. S. 1141, mem., appeal dismissed 171 N. Y. 655, 63 N. E. 1120, mem. See, also, 17 R. C. L. p. 246, verbo "Levy and Seizure," § 139; U. S. v. Wallace (D. C.) 46 Fed. 569.

My conclusion is that the government is entitled to forfeit the truck as prayed for. A decree in accordance with this view may be presented.